BRADLEY, Judge.
Husband appeals from the trial court's denial of his motion to set aside the divorce decree. The husband and the trial court treated the motion as an independent action authorized by rule 60(b), Alabama Rules of Civil Procedure. See Waldrop v. Waldrop, 395 So.2d 60 (Ala.Civ.App.1980), aff'd, 395 So.2d 62 (Ala.1981).
Husband and wife were divorced on June 22, 1978. Wife appealed from the divorce decree, alleging that the trial court abused its discretion in its award of alimony, child support, and/or division of property. We reversed the provisions relating to child support and division of property and remanded the case to the trial court. On remand the trial court awarded the marital home to the wife and left child support unchanged.
On April 2, 1984, husband brought a “Motion to Impeach Judgment for Actual Fraud in its Procurement.” Husband also *439 demanded a jury trial on the matters set out in his motion. He later filed a “Motion for Issuance of Letters Rogatory,” seeking to conduct out-of-the-country discovery concerning wife’s ownership of land in El Salvador and income received therefrom. He also filed a request for production of any items pertaining to such property and income.
Although not an issue on appeal, we note that wife questioned whether husband’s motion to set aside was timely filed. A request for relief from a final judgment based upon fraud must be made within four months after the final judgment. Rule 60(b), A.R.Civ.P. Husband filed his motion more than three years after the divorce decree was entered. However, an independent action to set aside may be brought within three years of the judgment or one year after the discovery of the fraud by the moving party. Waldrop v. Waldrop, supra. Husband stated in his motion to set aside that he had discovered the alleged fraud a year prior to filing his motion. Thus, the trial court determined that husband’s motion was timely filed, and treated his motion as an independent action under rule 60(b).
On November 2, 1984 the trial court entered an order denying husband’s motion to set aside judgment, motion for issuance of letters rogatory, request for production, and request for jury trial. Husband appeals, pro se, from the trial court’s order.
Husband states in brief that wife denied ownership of any property or assets at the time of the divorce proceedings. Wife stated in the original suit that her mother owned a life estate in property in El Salvador and that she (wife) received only a small income from this property. Husband claims that several years after the parties’ divorce he discovered that wife did, indeed, own property in El Salvador and receives a continual stream of income from the property. He contends that this “newly discovered evidence” proves that wife misrepresented her assets to the court and, thus, the trial court’s judgment must be set aside because it was fraudulently procured.
The trial court has wide discretion in determining whether to grant or deny a request for relief from judgment and will not be reversed absent abuse of its discretion. Pierson v. Pierson, 347 So.2d 985 (Ala.Civ.App.1977). In exercising its discretion the court must balance the desire to remedy injustice against the need for finality of judgment. Denton v. Sanford, 383 So.2d 847 (Ala.Civ.App.1980).
We have stated that the purpose of a rule 60(b) motion is to present good cause why a judgment should not stand, and not to retry the original suit. Moorman Manufacturing Co. v. Coan, 435 So.2d 106 (Ala.Civ.App.1983); McSween v. McSween, 366 So.2d 293 (Ala.Civ.App.1979) (a party may not re-litigate issues that were raised or could have been raised in prior suit).
The trial court stated in its order that it denied husband’s 60(b) action because the controversy of whether wife owned property and received income therefrom was clearly before the court in the original action. Both parties at that time presented conflicting evidence concerning whether the wife owned any property in El Salvador. Thus it appears to this court, as it did to the trial court, that husband is attempting to reopen the case to offer additional proof that his version of the property ownership is correct. Such an attempt comes too late; husband had ample opportunity to prove this aspect of his case in the original proceeding. A re-litigation of that issue will not now be allowed. McSween v. McSween, supra.
Additionally, we note that the divorce decree was appealed to this court, see Shires v. Shires, 368 So.2d 291 (Ala.Civ.App.1979), and this court concluded that the wife’s ownership of property in El Salvador did not warrant serious consideration because the income therefrom did not constitute a significant part of the economics of the marriage. Hence, undisputed proof of the wife’s ownership of the property would not have changed the decision of this court. See § 30-2-51, Code 1975. The tri *440 al court did not err by overruling husband’s request to set aside the divorce decree.
Husband also argues that the trial court erred in denying his motion for issuance of letters rogatory and denying his request for production.
The trial court is vested with considerable discretion in ruling on discovery matters and is subject to review only for abuse of that discretion. Ex parte McClarty Construction & Equipment Co., 428 So.2d 629 (Ala.1983). Husband’s motions for discovery were aimed primarily at discovering wife’s assets in El Salvador. Since the trial court ruled that that issue had been previously litigated, no purpose would have been served by permitting further discovery. The trial court considered that, given its denial of husband’s motion to set aside, husband’s motions for discovery were moot. We find that the trial court did not abuse its discretion in so ruling.
Husband further contends that he was entitled to a jury trial on his request to set aside the judgment under section 11, Constitution of Alabama 1901, and rule 38, A.R.Civ.P. We disagree.
The guaranty of trial by jury does not extend to all cases. As stated earlier in this opinion, husband brought an independent action to set aside the divorce decree. Independent action simply refers to a procedure known historically as an independent action in equity to obtain relief from a judgment. See Bankers Mortgage Co. v. United States, 423 F.2d 73 (5th Cir.), cert. denied, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970). See also 11 C. Wright & A. Miller, Federal Practice and Procedure § 2868 (1973). In equity a party has no right to a jury trial to determine whether he is entitled to relief unless such is provided for by statute or otherwise. Shelton v. Shelton, 376 So.2d 740 (Ala.Civ.App.1979). Neither the Alabama Constitution, the Alabama Code, nor the Alabama Rules of Civil Procedure provide for a jury trial in this matter. Thus, we conclude that husband’s contentions are without merit.
Wife’s request for an attorney’s fee on appeal is .denied. We are unaware of any authority for granting a fee in this type case. Waldrop v. Waldrop, supra.
The trial court’s judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.