This is a child custody case.
The parties, who have never been married, are the natural parents of the minor child, a nine-year-old boy. Prior to the instant case, no custody award or determination had ever been made with regard to the child. He had apparently in the main resided with the mother, but the father had enjoyed quite liberal visitation.
The mother initiated this case by filing a petition for emergency relief when the father refused to return the child to her following a visit in the father's home. The trial court awarded custody of the child to the father.
The mother appeals. We affirm.
The mother contends that the trial court erred because it did not require the father to meet the burden of proof required in a custody modification case, as set forth in Ex parte McLendon,455 So.2d 863 (Ala. 1984). We disagree.
As noted above, until the instant case, no custody determination had ever been made with regard to the child. This case presents an initial custody determination to which theMcLendon standard does not apply. Rather, it is within the trial court's discretion to award custody to either parent, considering, of course, the best interests of the child, and such a custody determination will not be reversed, absent a showing that the trial court has abused its discretion. SeeLucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986).
The mother has not shown that the trial court abused its discretion in awarding custody to the father.
In our opinion, the evidence shows that both parties are caring, attentive parents. In fact, the trial court found that both *Page 77 
parties are "fit parents to have custody." Since this finding is supported by the evidence, the trial court would not have been in error regardless of whom was awarded custody of the child. Our review of the record, however, indicates that the evidence also supports the trial court's conclusions that it would be in the best interest of the child for custody to be placed in the father and that the father would be able to provide a more stable environment and influence with the child.
The father has always recognized the child as his son and has, in fact, legitimated the child. He has apparently spent a great deal of time with the child over the years. The father's testimony indicates his concern that the child's school work improve and that he also enjoy such activities as baseball and fishing.
The father has a steady job with a good income. He has recently ceremonially married his common-law wife. They and the wife's two children by a former marriage live in a three-bedroom home in Tuscaloosa County. The child apparently enjoys a close relationship with the father's wife and her children.
The mother, on the other hand, has no job and has apparently supported the child and a child by a former marriage primarily through ADC payments. She and the children have lived in a two-bedroom trailer in Pickens County. At the time of the hearing, a man whom the mother testified she intends to marry was also residing in the trailer.
In April 1985, the mother was involved in a shooting incident involving her relatives. She was charged with attempted murder, but this charge was subsequently reduced to second degree assault. She was given a two-year suspended sentence and three years' probation.
The record further indicates that, while in the mother's custody, the child had not done well in school. He had, in fact, failed the second grade. Reading was apparently his worst subject.
The testimony of both parties and of the father's wife shows their concern that the child's school work improve. The father's wife, however, has actively worked with the child when he was in the father's home to improve his school work. She enrolled him in a Title I reading program in Tuscaloosa County to improve his reading, a program not offered in Pickens County. The wife testified that, since the child had been living in the father's home, his grades and his reading had improved.
We find that the above evidence supports the trial court's conclusion that the father was able to provide a more stable environment and influence for the child. It also supports the trial court's conclusion that the father and, in this instance, the Tuscaloosa County school system would furnish a better learning and teaching environment for this child. We thus find no error in the trial court's determination that it would be in the child's best interests for custody to be awarded to the father.
The mother contends, however, that the trial court applied an unconstitutional gender-based classification in awarding custody to the father and that it is, therefore, due to be reversed. We disagree.
In its final order the trial court did state that the basis for its decision "is that the child needs a male figure in his life at this time, and the Father has furnished such male figure and influence, and will continue to do so." There appears to be no specific evidence to support this conclusion, even though such conclusion may in fact be correct.
In any event, even if this statement could be viewed as an invalid basis for the award of custody to the father, it is mere surplusage. The evidence supports the trial court's findings that the father is a fit parent, that he is able to provide the child with a stable environment and influence, and that it is in the child's best interest for custody to be awarded to the father.
Since the evidence supports the trial court's custody decision, any statement it might have made regarding the child's *Page 78 
need for a male figure can be viewed as mere surplusage and not as a ground for reversal. Moreover, it is well established that this court will not reverse a trial court whose judgment is correct, though it is based upon incorrect or invalid reasons.See Knox v. Moore, 475 So.2d 1199 (Ala.Civ.App. 1985); Murphyv. Murphy, 470 So.2d 1297 (Ala.Civ.App. 1985).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.