This is a child custody case.
Following ore tenus proceedings, the trial court divorced the parties and awarded custody of the two minor children to the husband. The children are ages nine and seven.
The wife, through able counsel, appeals. We affirm.
The dispositive issue is whether the trial court abused its discretion in awarding custody of the children to the husband in this case.
We note at the outset that in a divorce case the determination of child custody is addressed to the sound discretion of the trial court, and its decision will not be altered in absence of abuse thereof. Cooper v. Cooper,473 So.2d 1083 (Ala.Civ.App. 1985).
Moreover, the trial court's exercise of that discretion, following ore tenus proceedings, is presumed to be correct and will be reversed on appeal only upon a finding of palpable abuse and neglect. Ex parte Williams, 474 So.2d 707 (Ala. 1985).
We do not think that an extensive summary of the evidence is necessary to our decision in this case. This is so since the cases are legion which have already settled certain basic arguments as raised by the wife on appeal.
However, we do address the one factual aspect of this case which at least raises some question as to the judgment of the trial court regarding the award of the children to the husband.
The record shows that the husband pleaded guilty to several counts of *Page 670 
Medicaid fraud in connection with his dental practice in North Carolina. He would eventually obtain a license to practice dentistry in Alabama, but not without two prior denials of his application for a license in the state. One of these denials was based upon his having made certain misrepresentations in applying for his license.
The wife forcefully contends that such conduct by the husband is reflective of the husband's character to such a degree that the trial court's award of custody to him constitutes a palpable abuse of discretion. Upon due consideration of the record and the attendant legal presumptions, we disagree, despite certain obvious reservations in such a case.
We hardly need state that the controlling consideration in the award of custody is the welfare and best interests of the child. Barnett v. Barnett, 268 Ala. 621, 109 So.2d 717 (1959). In making such a determination the trial court may properly consider a number of factors, including the age and sex of the children; their emotional, social, moral, material, and educational needs; and the characteristics of those seeking custody, including the age, character, stability, mental and physical health, and their respective home environments.Santmier v. Santmier, 494 So.2d 95 (Ala.Civ.App. 1986).
In addition to the husband's aforementioned conduct, the trial court could also have considered certain conduct of the wife in reaching its determination regarding custody. That is, at a time when her children were four and six years old, she moved by herself to California to obtain a certificate in "gemology." She remained there for more than six months, while her husband cared for the children.
The wife's ostensible reason for going to California was employment-related in view of the husband's then unemployment. The court may have taken into account, however, that the wife was already accredited as a medical technologist and had experience in the field. The court may have also considered the fact that the wife left the husband in sole charge of the children, within four months of spinal fusion surgery to his back.
In short, the court had before it evidence regarding the character and stability of both parties that it may have given certain weight in determining that the husband would better provide for the best interests of the children.
Also, it cannot be discounted that the husband's case was made much stronger through the introduction of extensive and detailed documentation of the husband's attentiveness to the children.
Absent the argument based on the fact of the husband's Medicaid fraud, the wife's case, on the other hand, seems to rest mainly on the "tender years presumption." That presumption, which held that the mother was the preferred custodian in cases involving young children, has not been the law in Alabama since Ex parte Devine, 398 So.2d 686 (Ala. 1981). Such an argument, therefore, is not persuasive to the extent that it attempts to rely on a relationship which is no longer given a preferred position in the law. That is, trial courts must now consider fathers and mothers on an equal footing with regard to custody determinations and may not give any gender-based presumption to the mother as such.
We are not to be understood as suggesting that the conduct of either of the parents made either of them unfit to be awarded custody. Indeed, there was ample evidence to support a finding that both parents were fit to have custody. We have stated heretofore that in such a case, "the trial court would not have been in error regardless of whom was awarded custody of the child." Hood v. Wilson, 496 So.2d 76, 77 (Ala.Civ.App. 1986). Even though the court's decision to award custody to the husband in this case might not necessarily have been what this court would have done, the trial court, in view of the evidence that both parents were fit, did not abuse its discretion in so deciding.
Also, while the wife argues at some length regarding the relative abilities of the parents to administer to the needs of the children, we are not persuaded that *Page 671 
placement of the children in a day care center, while they are not at school and while the husband is at work, is sufficient to warrant reversal given evidence supporting the fitness of the husband in this case and in view of the entire record before the court.
The wife's argument that this is a child custody modification case and that a legal presumption favorable to her position should be used is also at odds with the law.
Where, as was done in this case, the children are voluntarily relinquished for a period of time by one party to another, pursuant, e.g., to a separation, but with no formal or judicial "giving up" of the children, subsequent determinations pursuant to a divorce decree are treated as initial custody decisions, not custody modifications subject to Ex parte McLendon,455 So.2d 863 (Ala. 1984). See Ex parte Couch, 521 So.2d 987 (Ala. 1988).
Although the children lived with the mother for more than a year during a period of separation prior to the divorce in this case, there was no such formal disposition of the children in this case as to bring McLendon into play. Indeed, it was the wife, not the husband, who sought the divorce. That is, the husband may have made quite different arrangements regarding his children if he thought that, by letting them live with the wife during the separation, he was severely damaging his chances of receiving custody should a divorce occur. It was partly upon just such reasoning that Couch, 521 So.2d 987, held there to be no "giving up" of the children such that theMcLendon standard should apply.
In summary, despite the criminal conduct of the husband in this case, we cannot hold that the trial court abused its discretion in awarding custody of the minor children to the husband. Our decision is based upon due consideration of the entire record and in view of the purpose of the ore tenus rule — that is, that the trial court is in the singular position of discerning the demeanor and other like intangibles which do not transfer so readily in a transcript. We do note that the wife's visitation rights were liberally provided for.
This case, therefore, is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.