Plaintiff, William F. Evans, appeals the judgment of the trial court in favor of defendant, Loraine N. Evans. He argues that the trial court erred in denying his request for a trial by jury in his action seeking to quiet title and claiming damages for fraud. We affirm.
The issue we address is whether appellant is entitled to a jury trial on the fraud count of his complaint in an action filed to quiet title to property that was subject to a settlement agreement and to a divorce judgment of the circuit court.
Mr. and Mrs. Evans were originally divorced in February 1982. The 1982 divorce judgment awarded Mrs. Evans title to certain real property located in Opelika, Alabama. The couple later remarried, and they were involved in two divorce proceedings in 1985. On February 1, 1985, a judgment of divorce was entered in case number DR-85-500229 that provided, in part:
 "The Plaintiff [Mrs. Evans] shall transfer all her right, title and interest in and to the Real Property obtained by the parties located in Opelika, Alabama and Lucedale, Mississippi, within a period of thirty (30) days from the date of the divorce."
Mr. Evans entered into the settlement agreement in the divorce proceedings not knowing that Mrs. Evans had already conveyed the Opelika property to a third party. In January 1986, Mr. Evans filed a separate civil action (CV-86-00144-K) against Mrs. Evans in the Mobile Circuit Court, alleging that "implicit in the [1985 divorce] agreement of the Defendant, [Mrs.] Evans, to transfer to Plaintiff [Mr. Evans] the Lee County property, was the representation to Plaintiff that Defendant owned an interest in said property." Mr. Evans claimed to have relied upon this implicit representation in entering into the divorce agreement. The complaint contained three counts that were in essence a complaint to quiet title to the Opelika property, and a fourth count that alleged fraud and sought monetary damages. Mr. Evans requested a trial by jury on the fraud claim. The circuit court determined that the case was to be "non-jury," because it involved an interpretation of the divorce judgment, and that the new case was to be consolidated, for trial purposes, with the Evanses' divorce case (DR-85-500229). The court denied Mr. Evans's request for trial by jury on the fraud claim, and, following a hearing, entered judgment in favor of Mrs. Evans. Mr. Evans appealed.
Appellant argues that, although the complaint contains a purely equitable claim (a request to quiet title), he is entitled to a trial by jury on the legal issues of fraud and damages. Further, he argues that the test for determining when one is entitled to a trial by jury in a civil action is whether the issue presented is one that would have been tried to a jury at common law.
We recognize that, at common law, fraud is generally an issue for the jury. Under the Alabama Rules of Civil Procedure, a court may try equitable issues and legal issues in the same action, or a jury, if requested, may try the legal issues. The trial must be arranged so that the decision of the equitable issues by the judge does not operate to deny a trial by jury of the legal issues. See generally, Dairy Queen, Inc. v. Wood,369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). However, the cases cited by appellant in support of these well-founded principles are distinguishable from the case now before this Court.
"[I]n determining whether the right to a jury trial exists in any action, we are faced with a two-pronged analysis. First, we must determine the nature of the action involved; and, second, we must ascertain *Page 461 
whether the matter was historically triable to a jury as a legal action or whether it was an action triable to the court as an equitable issue." Richey v. Creel, 437 So.2d 554, 555
(Ala.Civ.App. 1983).
In this case, the facts and issues emanate from the Evanses' divorce proceedings. The real property to which Mr. Evans sought to quiet title was specifically dealt with by the court in the divorce judgment and was partial consideration for the settlement agreement. The alleged fraudulent actions on the part of Mrs. Evans, for which Mr. Evans sought monetary damages, also emanate from the divorce proceedings. The real property was marital property over which the circuit court had jurisdiction in the divorce proceeding. The nature of the action (CV-86-00144-K) was essentially an equitable proceeding that was initiated to reform a judgment procured by fraud. Such matters are historically not triable to a jury. See Ex parteBurlington Northern R.R., 470 So.2d 1094, 1095 (Ala. 1985),cert. denied, 474 U.S. 1005, 106 S.Ct. 524, 88 L.Ed.2d 457
(1985). Whether there was fraud in this case was a matter for the domestic relations judge to decide.
Our decision in this case is based in part on Shires v.Shires, 471 So.2d 437 (Ala.Civ.App. 1985). That case involved essentially the same facts and issues as those now before this Court. In Shires, the husband filed a separate action, requesting a trial by jury, in which he claimed that the divorce judgment had been fraudulently procured, in that the wife, he said, had made misrepresentations concerning real property she owned during the marriage. The Court of Civil Appeals held:
 "In equity a party has no right to a jury trial to determine whether he is entitled to relief unless such is provided for by statute or otherwise. Shelton v. Shelton, 376 So.2d 740 (Ala.Civ.App. 1979). Neither the Alabama Constitution, the Alabama Code, nor the Alabama Rules of Civil Procedure provide for a jury trial in this matter. Thus, we conclude that husband's contentions are without merit."
Shires v. Shires, 471 So.2d 437, 440 (Ala.Civ.App. 1985).
This Court, in Weil v. Lammon, 503 So.2d 830, 832 (Ala. 1987), stated that "[w]ith the merger of law and equity, and given the liberal joinder allowed by the Alabama Rules of Civil Procedure, there is no reason why all known claims between spouses in a divorce action should not be settled in that litigation."
Therefore, we hold that all the issues are rooted in the interpretation of the judgment in the divorce proceeding, a traditionally "equitable" proceeding. Thus, Mr. Evans was not entitled to a trial by jury on the issue of fraud in this case.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.