INGRAM, Presiding Judge.
The parties were divorced in September 1989, after approximately four years of marriage. The divorce was granted on the grounds of incompatibility and irretrievable breakdown of the marriage. However, the trial court specifically found that the primary fault in the breakdown of the marriage was attributable to the husband. Custody of the minor child was awarded to the wife, subject to visitation rights of the husband. Also, the trial court effected a property division and made the following pertinent awards: The husband is to pay the wife temporary rehabilitative alimony in the sum of $200.00 per month for 36 months. The wife is entitled to $15,000 alimony in gross/property award. The *372 wife is awarded the Chevrolet Cavalier station wagon. The husband appeals.
On appeal, the husband contends that the trial court erred to reversal in the above awards to the wife. He also contends that he should have been awarded custody of the minor child.
At the outset, we note that it is well established that all the matters of which the husband complains are within the sound discretion of the trial court. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Each case must be decided on its own facts and circumstances. The trial court’s judgment regarding these matters will not be reversed absent a showing that it has abused its discretion. Lucero, supra.
Moreover, in a divorce case in which the evidence is presented ore tenus, the judgment of the trial court is presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust. Lucero, supra.
The record, in pertinent part, reveals that the wife has a minimal education and is presently employed only part-time in a day care center. The record also reveals that she earns only minimum wage. Further, she and the minor child, who is approximately two years old, will have to move out of the marital home because that home was awarded to the husband. She will have to establish a new home for herself and the child. In contrast, the husband is employed by the State of Alabama and receives in excess of $25,000 per year. We also note that the trial court specifically found that the husband was the primary cause of the divorce.
Applying the attendant presumptions to the facts in the instant case, we cannot say that the trial court abused its discretion in the awards to the wife.
As pointed out above, the husband also contends that the trial court erred in its award of custody to the mother. We disagree.
Here, no custody determination had ever been made with regard to the minor child. Therefore, it was within the trial court’s discretion to award custody to either parent, considering, of course, the best interests of the child. Hood v. Wilson, 496 So.2d 76 (Ala.Civ.App.1986). Such a custody determination will not be reversed absent a showing that the trial court abused its discretion. Hood, supra.
We have reviewed the record and find that there was no abuse of discretion. There was ample testimony that the wife was a capable and fit person to have custody-
Therefore, in view of the above, the judgment of the trial court is due to be affirmed.
The wife’s request for attorney’s fees for representation on appeal is granted in the amount of $650.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.