L. CHARLES WRIGHT, Retired Appellate Judge.
Donald Toner and Mary Frances Toner were married in 1985. Two children were born to the marriage. Following an ore tenus proceeding, the parties were divorced in January 1990. Custody of the two minor children was awarded to the father. The mother appeals the court’s custody award.
Specifically, the court found the following:
“[T]he parties have two minor children; Ronda Sheree, age 3, who has, since the separation in November, 1989 been in the custody of the husband, and Jonathan Michael, age 4 months, who has been in the custody of the wife. While there was some unfavorable testimony regarding both the husband and wife’s role as a parent, the Court finds that neither would be deemed an unfit parent. Nevertheless, custody of the two minor children is awarded to the husband and they shall reside with him.”
The controlling consideration in the award of custody is the welfare and best interests of the children. Shepherd v. Shepherd, 531 So.2d 668 (Ala.Civ.App.1988). In making such a determination, the trial court may take into consideration a number of factors, including the age and sex of the children and each parent’s ability *1166 to provide for the children’s educational, emotional, material, moral, and social needs. Santmier v. Santmier, 494 So.2d 95 (Ala.Civ.App.1986).
When testimony is presented ore tenus, there is a strong presumption that the trial court’s ruling with regard to child custody is correct. Turquitt v. Turquitt, 506 So.2d 1014 (Ala.Civ.App.1987). Inherent in this review principle is a recognition that the trial court is uniquely qualified to observe the parties and resolve the issues of their credibility. Smith v. Smith, 448 So.2d 381 (Ala.Civ.App.1984).
We have reviewed the scant record presented to us by way of Rule 10(d), Alabama Rules of Appellate Procedure, and have determined a detailed recitation of the facts to be unnecessary. A Rule 10(d) record does not usually provide a basis for challenge of a judgment rendered after an ore tenus proceeding. The trial court’s observation regarding the unfavorable parental traits of both parties is supported by the record. The trial court did determine that “neither would be deemed an unfit parent.” We find this to be a euphemism. The better description is that the parties are “equally fit.” That being the case, “the trial court would not have been in error regardless of who was awarded custody of the children].” Hood v. Wilson, 496 So.2d 76 (Ala.Civ.App.1986).
. We cannot say that the trial court was palpably wrong in awarding custody to the father. This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.