THIGPEN, Judge.
This is a divorce case.
After almost 32 years of marriage, the parties divorced in October 1990, on the grounds of adultery. Only one of the parties’ three children is a minor. The divorce decree, inter alia, made a property division, awarded periodic alimony in the amount of $200.00 per month to the wife from the husband, and did not award any alimony in gross. The wife appeals.
The issue raised by the wife in this appeal question whether the trial court abused its discretion with regard to the alimony award.
The wife contends that $200.00 per month periodic alimony is insufficient to meet her needs and that she should not be required to lower her standard of living as punishment for her husband’s marital misconduct. She also contends that she is entitled to an award of alimony in gross.
We begin by noting that, when a trial court’s judgment follows the presenta *1124 tion of evidence ore tenus, a presumption of correctness automatically attaches and the judgment will be affirmed when it is supported by competent evidence unless it is shown to be palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988).
Alimony in gross is similar to a property division in that it is absolute and permanent. See, Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974). It is based on the value of the wife’s interest in the husband’s estate at the time of the divorce and is not modifiable. Hager, supra.
Matters such as alimony and the property division pursuant to divorce rest soundly within the discretion of the trial court and will not be disturbed on appeal except where such discretion was palpably abused. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). The issues concerning alimony and the division of property are interrelated and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Montgomery, supra. Additionally, the property division need not be equal but must be equitable in light of the evidence and what is equitable rests within the sound discretion of the trial court. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App.1984). The conduct of the parties regarding the cause of the divorce is but one of the many factors that the trial court considers when dividing property or awarding alimony. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986).
The wife complains that the husband’s misconduct entitled her to more than the trial court awarded. We have carefully and thoroughly reviewed the entire record and find that the trial court considered the misconduct of the husband in making its awards. The record is replete with evidence regarding the husband’s conduct. In its order, the trial court clearly noted consideration of the husband’s “long-standing adulterous relationship” and his cohabitation in that relationship, which resulted in two children.
Further details and discussion of the facts in this ease would add nothing to the existing law. There is competent evidence in the record indicating that the trial court properly considered many factors, including the husband’s misconduct, in making its awards. Such evidence clearly supports the judgment of the trial court and that judgment is due to be affirmed.
The wife’s request for an attorney’s fee for this appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.