ROBERT P. BRADLEY, Retired Appellate Judge.
This is a child support case.
On August 11, 1989 the Circuit Court of Tuscaloosa County issued an order declaring Billy T. Jackson to be the father of the minor child born to Carol Presley. On November 6, 1989 the trial court issued an order directing the father to pay $393.34 per month child support and $3,762 for back child support. On August 7, 1990 the mother filed a petition for rule nisi and modification of child support. The father filed a counterclaim for reduction of child support. On November 8, 1990 the father paid the court $2,242.89 in arrearage and the mother withdrew her petition for rule nisi and support modification. The trial court then conducted a hearing on the father’s counterclaim. After taking evidence ore tenus, the trial court denied the father’s counterclaim. The father appeals.
The father argues that the trial court erred in failing to grant a reduction of child support pursuant to the child support guidelines set out in Rule 32 of the Alabama Rules of Judicial Administration (A.R.J.A.).
The application of the child support guidelines is mandatory for all child support petitions filed on or after October 9, 1989. Rule 32(a), A.R.J.A. However, this court has held that before the guidelines are applicable to a petition for modification of support the petitioner must first make a showing of a material change of *214 circumstances sufficient to warrant such a modification. Moore v. Moore, 575 So.2d 95 (Ala.Civ.App.1990). The determination of whether such a change exists is well within the sound discretion of the trial court, and its judgment will not be reversed absent a showing that it has abused its discretion. Stanford v. Stanford, 567 So.2d 371 (Ala.Civ.App.1990). In determining child support, the trial court cannot ignore the parent’s ability to earn, as distinguished from the parent’s actual earnings. Spragins v. Spragins, 501 So.2d 478 (Ala.Civ.App.1987).
The record reveals that the father is a former professional football player who is currently employed as a full-time juvenile probation officer. His annual salary from this job is approximately $24,500. The father has several real estate holdings that he acquired during his stint as an athlete. These holdings include half-interests in apartments and other rental property. The record shows that in 1988, the year in question, this property generated only marginal income. The father is also a partner in a dry cleaning business, which sustained losses of $30,000 during 1988. However, the record does not show that these losses are continual or permanent. Indeed, the father testified at trial that he expects his business to become profitable. The father is also seeking a buyer for his rental property. The evidence thus does not show that the father’s business problems have permanently impaired his ability to earn.
The most important factor in considering a modification of child support is whether the needs of the child have undergone a material change. Sansom v. Sansom, 409 So.2d 430 (Ala.1981). Here, the record shows that the child is asthmatic and has extraordinary medical expenses that have not diminished since the original award of child support. Indeed, the evidence indicates that the child’s needs have increased. At the same time, the record indicates that the mother’s salary from her employment as an insurance agent is approximately the same as it was at the time of the original decree.
In light of the evidence concerning the parents’ ability to support the child, as well as the evidence of the child’s increased needs, we do not find that the trial court abused its discretion in finding that no material change of circumstances exists. Accordingly, the child support guidelines were inapplicable here. Moore. The trial court’s judgment is therefore affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.