The husband filed a complaint for divorce, and the wife filed an answer and a counterclaim. The trial court issued an order divorcing the parties and ordering joint legal custody of their child, with the primary care and custody granted to the husband. The wife filed a motion for reconsideration, which was denied by the trial court. She appeals, contending that the trial court erred in granting custody to the husband and in failing to act on her motion for reconsideration. We affirm.
Initially, we note that when evidence is presented ore tenus, the trial court's judgment is presumed to be correct and will be set aside only if it is determined to be plainly and palpably wrong. Blankenship v. Blankenship,534 So.2d 320 (Ala.Civ.App. 1988). Furthermore, matters of child custody rest within the sound discretion of the trial court.Shepherd v. Shepherd, 531 So.2d 668 (Ala.Civ.App. 1988). The primary consideration is the best interests and welfare of the child. Id.
The trial court may consider a number of factors, including the child's age and sex and each parent's ability to provide for the child's educational, emotional, material, moral, and social needs. Santmier v. Santmier, 494 So.2d 95
(Ala.Civ.App. 1986). Finally, in an initial award of custody, both parents stand on equal footing, and no favorable presumption exists in favor of either parent. Hall v. Hall,571 So.2d 1176 (Ala.Civ.App. 1990).
The wife claims that the trial court awarded primary custody to the husband because of her unusual work hours, from 4:00 a.m. to 11:00 a.m., and that, because she indicated in her motion for reconsideration that her work hours had been changed to 9:00 a.m. to 5:30 p.m., it should have acted on her motion. She further claims that she has been penalized for working to obtain a better standard of living for her family and that the husband's role in taking care of the child had been a limited one.
Regarding custody, the trial court's order included the following:
 "3. [The] primary issue presented by the trial of this cause is that of custody of the parties' minor child, LaTasha Monique Thomas, DOB: 04/07/90. Both parties admitted that the other was a fit parent and, in fact, the evidence was clear that both parents love and can provide proper care for said child. There is no longer any tender years presumption under Alabama law and the court must, therefore, make its custodial decision based strictly on the best interests of the child, with both parties standing on equal footing. Ex parte Devine, 398 So.2d 686 (Ala. 1981). Although counsel for the wife made a stirring argument that the wife's historical and current work patterns were prompted by a desire to provide better economically for the family, there was no evidence of any future *Page 757 
plans to change said pattern and the evidence presented was that if the wife is the primary custodian of the child, it will be necessary to wake up the child at approximately 3:45 a.m. each morning and take the child to a day care mother while the wife works a 4:00 a.m. to 11:00 a.m. shift. Since the child's birth, the wife has worked night and early morning shifts and the husband has been the primary care taker, along with his mother who has previously been providing for the care of the child. The court is strongly impressed by the family cohesiveness of the husband's immediate family and the fact that if the husband is the primary care taker, the status quo of the family child care will be maintained. On the other hand, the wife's actions of removing her child from a prior marriage out of strongly established familial relationships is contraindicative of her testimony that this child could maintain the present close familial relationships."
In denying the wife's motion for reconsideration, the trial court stated that the motion was based on changes in circumstances that occurred post-trial and that the changes were not grounds for the motion under Rules 59 or 60, Alabama Rules of Civil Procedure.
After a review of the record, we agree with the trial court's conclusion that both parties can provide proper care for the child. We find that they are equally fit persons to be awarded custody of the child; therefore, the trial court would not have been in error regardless of which party was awarded custody of the child. Hood v. Wilson, 496 So.2d 76
(Ala.Civ.App. 1986). In addition, the trial court has wide discretion in determining whether to grant or deny a request for relief from judgment, and its judgment will not be reversed on appeal absent abuse of that discretion. Shires v. Shires,471 So.2d 437 (Ala.Civ.App. 1985). We cannot find that the trial court's award of custody or its denial of the wife's motion for reconsideration were plainly and palpably wrong. The judgment is due to be affirmed.
The husband has requested an attorney's fee for representation on appeal. The request is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.