THIGPEN, Judge.
This is a divorce case.
The parties married in December 1990, when the mother was 16 years old, and a child was born in October 1991. The record reveals that although the parties experienced marital difficulties, they reconciled prior to the child’s birth, but separated two weeks following the birth. The mother petitioned for divorce in November 1991, and subsequently the trial court entered a consent order granting pendente lite custody of the infant to the mother. In the answer and counterclaim, the father requested custody of the child.
Following an ore tenus proceeding, the trial court entered an order divorcing the parties and, inter alia, awarding custody of the child to the father. The mother appeals.
The mother contends on appeal that the trial court erred in failing to appoint a guardian ad litem for her prior to the trial, that the trial court erred in appointing her attorney as her guardian ad litem, and that the trial court erred in awarding custody of the child to the father.
At the outset, we note that when testimony is presented ore tenus, there is a strong presumption that the trial court’s ruling with respect to child custody is correct. Turquitt v. Turquitt, 506 So.2d 1014 (Ala.Civ.App.1987). The controlling consideration in awarding custody is the welfare and best interests of the child. Shepherd v. Shepherd, 531 So.2d 668 (Ala.Civ.App.1988).
The mother first contends that the trial court erred in not appointing a guardian ad litem for her prior to the trial, and that it should not have appointed her attorney as her guardian ad litem. She argues that, as defendant to the father’s counterclaim, she was entitled to a guardian ad litem to protect her interests. Ala.Code 1975, § 30-2-6, states:
“A husband or wife under the age of 19 years may file a complaint for any purpose under this chapter in his or her own name without the intervention of a next friend, guardian or guardian ad li-tem, and if over the age of 18 years, he or she may defend any action brought under this chapter in his or her own name without the intervention of a next friend, guardian or guardian ad litem.”
The record reveals that the mother was not yet 18 years old at the time of trial, and that the trial court was made aware of the mother’s age from her attorney the day of trial. It is noteworthy that the mother’s divorce complaint in November 1991 indicated to the trial court that the mother was over 19 years of age at that time. Consequently, the trial court could not have reasonably been expected to appoint the mother a guardian ad litem prior to trial. Upon being informed at trial that the mother was less than 18 years of age, the trial court promptly appointed her attorney as guardian ad litem. The mother now argues that her attorney was unable to properly represent her interests as her guardian ad litem. No objection was raised at trial regarding the appointment of her attorney as her guardian ad litem. The authority cited by the mother to support her position is not applicable to this case, because the mother was not disadvantaged by the appointment of her attorney as guardian ad litem. Further, our thorough review of the record reveals that her attorney acted competently and diligently on her behalf, based on the information she provided him.
Last, the mother argues that the trial court should have awarded custody of the child to her because of the child’s tender years. The doctrine of tender years has been abolished in Alabama. Hartselle v. Hartselle, 475 So.2d 860 (Ala.Civ.App.1985). The trial court must weigh such matters as the age and sex of the child; the child’s emotional, social, moral, material, and educational needs; the respective home environments offered by the parties; the age, character, stability, and mental and physical health of those seeking custody; the capacity of each parent to provide for the needs of the child; and the relationship of the child to each parent. Murph v. Murph, 570 So.2d 692 (Ala.Civ.App.1990).
*280 In the instant case, the record indicates that the father is a high-school graduate with a full-time job. Testimony indicated that he planned to live with his mother, who would care for the child while he was at work. The record also indicates that the mother quit school in the ninth grade and that she has no job. At time of the divorce hearing, she was pregnant and she was unsure of the baby’s paternity.
In view of the record evidence and the presumption of correctness attached to the trial court’s determination of custody, we find that the trial court did not abuse its discretion in awarding custody of the child to the father.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.