Following oral proceedings, the Circuit Court of Jefferson County entered a final divorce decree, dividing the parties' property and awarding custody of the parties' minor daughter to the father. The mother appeals.
The mother asserts that the trial court erred in reaching a decision before hearing all the testimony. She insists that the trial court informed the parties, in chambers, that it had reached a decision and that further testimony was unnecessary. This conference transpired during cross-examination of the father. The father was the first witness to testify. The alleged statement of the trial *Page 635 
court does not appear on the videotaped record of the trial.
On the authority of Martin v. Martin, 623 So.2d 1167
(Ala.Civ.App. 1993), we find no error.
The mother insists that the trial court erred in granting custody of the minor daughter to the father.
Decisions concerning child custody are matters of judicial discretion. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App. 1986). When testimony is presented ore tenus, there is a presumption that the trial court's ruling regarding child custody is correct. Turquitt v. Turquitt, 506 So.2d 1014
(Ala.Civ.App. 1987). The controlling considerations in child custody cases are the welfare and best interests of the child.Shepherd v. Shepherd, 531 So.2d 668 (Ala.Civ.App. 1988).
We have reviewed the lengthy videotaped record in its entirety and have determined a recitation of the facts to be unnecessary. In our opinion, the record shows that both parties are caring, attentive parents and equally fit to have custody of the child. Under such circumstances, the trial court would not have been in error if either parent was awarded custody of the child. Hood v. Wilson, 496 So.2d 76
(Ala.Civ.App. 1986). We find no error with the trial court's disposition of custody.
The mother finally contends that the trial court erred in refusing to award her the Lexus automobile.
Pursuant to the final decree of divorce, the father was awarded the following vehicles: a 1974 Chevrolet Corvette, a 1984 Corvette, a 1957 Chevrolet convertible, two Yamaha motorcycles, and the 1992 Lexus automobile. The mother was awarded a 1986 Chevrolet Celebrity station wagon.
The record reflects that the father drives a 1992 Chevrolet pickup truck. The truck was purchased by the father's family business. He testified that he drives the truck for both business and personal use. The record indicates that the mother drives the Lexus. The father testified that at the time of the divorce the station wagon was worth about $2,000 and was at his office because it would not run.
The division of property is a matter which lies within the discretion of the trial court. Hinson v. Hinson, 581 So.2d 1123
(Ala.Civ.App. 1991). A property division need not be equal, but must be equitable in light of the evidence. Hinson.
We find the division of property concerning the parties' automobiles to be inequitable. The mother is in need of dependable transportation. We consider it only fair that she be awarded the Lexus automobile.
The judgment of the trial court as it relates to child custody is affirmed. The award of the Lexus automobile to the father is reversed, and the case is remanded to the trial court for it to award the Lexus automobile to the mother.
The parties' requests for attorney fees are denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.