This is a divorce case.
The record reveals that Shalon Neal Sledge, Sr. (father) and Emily K. Sledge (mother) were married in 1978, and that the father filed for divorce in July 1991, alleging incompatibility, and requesting, inter alia, that he be awarded permanent custody of the parties' two minor children. The trial court immediately granted the father temporary custody of the children and possession of the marital home pendente lite.
After an ore tenus proceeding, the trial court divorced the parties in August 1992. Inter alia, the father was awarded custody of the children, the mother was ordered to pay $167 per month as child support, and the property was divided. The trial court also ordered that the proceeds of two certificates of deposit (CDs) established by the children's maternal grandfather (grandfather) be utilized as an educational trust for the benefit of the children. The mother appeals.
The mother contends on appeal that the trial court abused its discretion in awarding custody to the father; that the trial court erred in its award of child support; that the trial court abused its discretion in the property division; and that the trial court abused its discretion in imposing a trust from the CDs.
In divorce cases where the trial court receives ore tenus evidence, its judgment is presumed to be correct and will not be reversed unless it is shown to be plainly and palpably wrong. Blankenship v. Blankenship, 534 So.2d 320
(Ala.Civ.App. 1988).
The determination of child custody is a matter left to the sound discretion of the trial court, and its judgment will not be overturned absent abuse of that discretion. Shepherd v.Shepherd, 531 So.2d 668 (Ala.Civ.App. 1988). The controlling consideration in awarding custody is the welfare and best interests of the children. Reeves v. Reeves, 617 So.2d 278
(Ala.Civ.App. 1992).
In the instant case, two witnesses testified that they had observed the mother spanking one child with a belt, and one witness testified to seeing a belt buckle bruise on the child. A relative of the father, who babysat for the parties, testified that the mother spanked the children as often as ten times a day. This witness also testified regarding the mother's two extramarital affairs. The father's sister testified that the mother admitted to having sexual relations with one or two men in a van. Other testimony disclosed that the mother "wanted to be free" and that she wanted the father to have custody of the children. The record reveals that the trial court did not abuse its discretion in awarding custody of the children to the father. Shepherd, supra.
The mother argues on appeal that the trial court erred in ordering her to pay $167 per month as child support. She argues that the award is unjust because she is unemployed. The award of child support is a matter left to the sound discretion of the trial court. Mangina v. Mangina, 585 So.2d 1383
(Ala.Civ.App. 1991). When evidence regarding this issue is presented ore tenus, the trial court's judgment is presumed correct and it will not be reversed unless it is plainly and palpably wrong or unjust. Mangina, supra.
The mother testified that she was formerly employed earning $6.50 per hour. She testified, however, that she had been laid off in January 1992, that she was looking for another job, and that she was receiving $150 per week in unemployment compensation benefits at the time of trial. A child support award which exceeds the obligor parent's stated income is not automatically an abuse *Page 463 
of discretion. Jordan v. Jordan, 547 So.2d 574
(Ala.Civ.App. 1989). A trial court may properly consider the parent's potential income, rather than actual earnings, in determining the parent's child support obligation. Johnson v. Johnson,597 So.2d 699 (Ala.Civ.App. 1991). It appears that the trial court set the mother's child support obligation utilizing her imputed income. Rule 32, Ala.R.Jud.Admin. We find no abuse of discretion here.
The mother next contends that the trial court erred in its division of property. A property division incident to divorce need not be equal, but it must be equitable in light of the evidence. Hinson v. Hinson, 581 So.2d 1123
(Ala.Civ.App. 1991). There are no fixed standards for a trial court to use in determining an equitable property division; rather, each case must be viewed according to its own peculiar facts and circumstances. Peck v. Peck, 581 So.2d 1119
(Ala.Civ.App. 1991).
The trial court's order awarded, inter alia, the marital home and adjacent acreage to the father, subject to the mortgage, and it awarded the father sole ownership of the business. It further awarded the mother a 35-acre tract of land, with the parties held equally responsible for the mortgage. The father was ordered to assume other marital debts.
The mother argues that this property division was so unfair, it amounted to an abuse of discretion. The peculiar facts and circumstances of this case indicate otherwise. Testimony reveals that the father owned the home and some adjoining acreage before the marriage, and that he operated the business from his home. Property which has been used for the common benefit of both parties may be divisible upon divorce.Smith v. Smith, 571 So.2d 1166 (Ala.Civ.App. 1990). Nothing in this record discloses an abuse of discretion by the trial court in declining to award the marital home, or a portion thereof, to the mother.
Moreover, the parties' accountant testified that the father's business was "in very sad shape." He further testified that although the business had assets of $4,400, its liabilities exceeded $26,900. The trial court's order held the father responsible for the indebtedness of the business. Testimony revealed that the father did not have a state business license, and it appears from the accountant's testimony that the father's business and personal finances were intermingled. It further appeared that the father's only regular source of income was his National Guard salary. Based on the circumstances of this case, we find no abuse of discretion in the trial court's division of property. Hinson, supra.
The mother additionally argues that the trial court erred in overruling her objections regarding additional testimony. The mother does not adequately present this issue for our review, and therefore, we will not address her arguments. Rule 28, A.R.App.P.
The mother also contends that the trial court abused its discretion in imposing a trust for the children. She cites Ala. Code 1975, § 5-5A-41, to say that she became the sole owner of certain monies following the grandfather's death. That section concerns the bank's right of payment and does not govern ownership of the funds. Further, there is no presumption that the survivor is the owner of the monies. Johnson v. Sims,501 So.2d 453 (Ala. 1986).
Evidence presented at trial revealed that the grandfather had established two CDs exceeding $19,000, with himself and the mother as co-signatories. The grandfather's wife (stepmother) testified that the interest from these two CDs was paid into an interest-bearing money market account, to be used for the children's education. After the grandfather's death, the mother withdrew the money from the CD accounts, and she deposited it in a separate CD in her name. The stepmother testified that the mother intended to use the money for herself. The stepmother further testified that she had personally paid the children's tuition for 1990.
The trial court's order states, in pertinent part:
 "Based upon the oral testimony in open Court, and the history of the Certificates of Deposit, the Court is of the opinion that the two (2) Certificates of Deposit which *Page 464 
the wife alleges to be her property were intended by the donor, the late Marvin King, to establish an educational trust for his grandchildren; therefore, a constructive trust having been established in the Original Decree of Divorce, the Court hereby DENIES respondent's Motion to Alter or Amend Judgment or in the Alternative, Motion for New Trial, after considering all issues."
Our Supreme Court has defined constructive trusts in this manner:
 "A constructive trust is a creature of equity that operates to prevent unjust enrichment; such a trust will be imposed when a property interest has either been acquired by fraud or where, in the absence of fraud, it would be inequitable to allow the property interest to be retained by the person who holds it."
Coupounas v. Morad, 380 So.2d 800, 803 (Ala. 1980).
More recently, our Supreme Court wrote:
 "Equity may also impress a constructive trust on property in favor of one beneficially entitled thereto against a person, who, against the rules of equity and against good conscience, in any way either has obtained or holds and enjoys legal title to property that in justice that person ought not to hold and enjoy."
Brown v. Brown, 604 So.2d 365, 370 (Ala. 1992) (citations omitted) (emphasis omitted).
Based on the evidence presented, we cannot find that the trial court erred in establishing a constructive trust for the children with the monies provided by the grandfather.
For the above-cited reasons, the judgment of the trial court is due to be, and it is hereby, affirmed. The father's request for an attorney fee is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.