RICHARD L. HOLMES, Retired Appellate Judge.
This is a child custody case.
The mother filed a complaint for divorce, wherein she requested that the trial court award custody of the parties’ two male children, ages two and four, to her. The father filed an answer and a counterclaim, wherein he requested that primary custody of the children be awarded to -him.
After an ore tenus hearing, the trial court entered an order, which provided in pertinent part:
“The court finds that both parties are fit and proper persons to have the care and custody of the minor children of the parties, but that it would be in the best interest of the minor children if custody is awarded to the [father], it is, therefore,
“ORDERED, ADJUDGED and DECREED BY THE COURT that full care and custody of the minor children ... is awarded to the [father], with the right of visitation awarded to the [mother].”
The mother filed a post-judgment motion regarding the award of custody. The trial court denied the motion.
The mother appeals. We affirm.
The only issue before this court is whether the trial court erred to reversal in awarding custody to the father.
It is well settled that the issue of child custody falls within the sound discretion of the trial court and that its determination regarding this issue will not be disturbed on appeal unless there is a showing of plain or palpable abuse of discretion. Dobbins v. Dobbins, 602 So.2d 900 (Ala.Civ.App.1992).
*1383 No useful purpose would be served by detailing all of the facts of this case. The pertinent facts for purposes of this appeal are that both parents have full-time jobs outside the home and both parents are actively involved in the lives of their two young sons. Suffice it to say, there is ample evidence that both parties are “fit” parents. Ex parte Devine, 398 So.2d 686 (Ala.1981), abolished the tender years doctrine which favored the mother in custody cases involving young children.
As indicated, our review of the record reveals that both parents are fit and that the trial court would not have erred to reversal regardless of whether it awarded custody to the mother or to the father. Hood v. Wilson, 496 So.2d 76 (Ala.Civ.App.1986). We would note that theré is sufficient evidence for the trial court’s conclusion that the father was the primary care giver for the children. Clearly, in view of the above, we cannot say that the trial court abused its discretion when it awarded custody to the father.
This ease is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.