The State, on behalf of Ann Simmons Dunnavant (now known as Ann Simmons), appeals for the second time from a judgment modifying an earlier child support order. We affirm.
In the previous appeal, this court reversed the judgment in part and remanded the cause for further proceedings in compliance with Alabama's Child Support Guidelines, Rule 32, Ala.R.Jud.Admin. ("the guidelines"). See Dunnavant v.Dunnavant, 668 So.2d 851 (Ala.Civ.App. 1995). On remand, the trial court included in the record the forms required by the guidelines and this court's directive in Martin v. Martin,637 So.2d 901 (Ala.Civ.App. 1994). The trial court then entered a revised judgment in which it made the same child support calculations it had made previously, but in which it also made certain findings of fact required by the guidelines that it had not included in its previous judgment. No further hearings were conducted. The State again argues on appeal that the trial court abused its discretion in calculating child support. Because we remanded the cause for compliance with the guidelines, we did not address in our first opinion the State's arguments regarding the calculation of child support. We do so now.
The factual background of this case is discussed in our previous opinion. The record reflects the following additional facts pertinent to the issue addressed here.
Before September 1993, when the father filed his petition for modification asking the trial court to reduce his child support obligation, his average yearly earnings approached $100,000. A restructuring of his company in 1993, however, made his position obsolete. He received six months' severance pay and began to search for a new job. He eventually secured a job in a sales capacity earning approximately $45,000 per year. He testified that he thought he was capable of earning more, but felt that his opportunities with his present employer were limited. The father detailed in his testimony his efforts at his job search and the difficulty he had had in obtaining his present position.
The mother's primary endeavor for many years has been the pursuit of her education. She obtained a bachelor of science degree with a double major in business and human behavior in 1982, and a master's degree in criminal justice in 1985. At that time, she began work on a Ph.D. degree in sociology at the University of Alabama in Tuscaloosa; she had not yet completed that work at the time of the hearing in 1994. The mother testified that the University dissolved the sociology department in the early 1990s, and that as a result, she had had to restructure her degree program, thereby lengthening the *Page 1331 
process for her. The University created a doctoral degree program for her, she said, in aging and deviance. The mother testified that she expected to graduate in May 1995 and estimated that with a doctorate she would probably earn about $25,000 annually starting out in her field at the university level. The mother further testified that there are no jobs available in her field in the Tuscaloosa area right now. The mother has worked sporadically over the years at various part-time jobs and briefly worked full-time when the University was restructuring her Ph.D. program. She has never earned much more than approximately $20,000 annually.
The parties have two children; each party has custody of one child. Before filing his petition for modification, the father had been paying child support to the mother, but she had never paid child support to the father.
In its judgment after remand, the trial court specifically found that the mother was voluntarily underemployed or unemployed. See Rule 32(B)(5), Ala.R.Jud.Admin. The court imputed an annual income to the mother of $24,000, which it utilized in calculating child support. The court used the father's actual annual income of $45,000 in its calculations. The State contends that the trial court abused its discretion on both counts, arguing that the income imputed to the mother far exceeded her actual or demonstrated ability to earn, and that the father's actual income failed to take into account his ability to earn more.
The award of child support is a matter vested within the sound discretion of the trial court. Sledge v. Sledge630 So.2d 461 (Ala.Civ.App. 1993). When evidence regarding this issue is presented ore tenus, the trial court's judgment is presumed correct, and we will not reverse it on appeal unless it is plainly and palpably wrong or unjust. Id. Furthermore, the determination of whether a parent paying child support is voluntarily underemployed or unemployed is discretionary with the trial court. Griggs v. Griggs, 638 So.2d 916
(Ala.Civ.App. 1994). We find no abuse of discretion here, either in the trial court's use of the father's actual income or in its imputing income of $24,000 annually to the mother.
The State argues that the father's income potential is far greater than his actual income. That is true. The father himself testified that he was capable of earning more and that he hoped to earn more in the future, but he also indicated that he had not been able to find a job in which he could realize his potential. To impute income to the father would require a finding that he was voluntarily underemployed, a finding that the trial court did not make and that the evidence would not support. On the other hand, the State argues that the trial court erred in imputing to the mother an amount of income she had never earned and could not earn in her present circumstances. That argument begs the question, however, because the trial court specifically found the mother to bevoluntarily underemployed or unemployed. We find ample evidence to indicate that, for at least the last 15 years, the mother voluntarily chose to forgo full-time employment in order to devote herself to her education. We find no abuse of discretion in the trial court's use of $24,000 in imputed income to calculate the mother's child support obligation, especially in light of her considerable post-graduate education. We also find no abuse of discretion in the trial court's child support calculations, which require both parties to contribute proportionally, in accordance with the guidelines, to the support of their children.
The trial court's judgment after remand is neither plainly or palpably wrong nor unjust, and, therefore, it is due to be, and it is, affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur. *Page 1332