This is a divorce and child custody case.
After ore tenus proceedings the trial court divorced the parties and made an award of $2,000 alimony in gross and $200 per month periodic alimony to the wife. The trial court found that both parents "were unfit and that the best interests of the minor child required that custody be placed with the Department of Human Resources." The husband was also ordered to pay the wife's attorney's fee.
The husband appeals, primarily contending that the trial court abused its discretion (1) in the award of alimony and attorney fees to the wife and (2) in the award of custody of the minor child to the Department of Human Resources (Department).
We affirm.
As concerns the issues of alimony and the attorney fee award, it is well established that these matters are well within the sound discretion of the trial court. These decisions will not be disturbed unless plainly and palpably wrong. Phillips v.Phillips, 489 So.2d 592 (Ala.Civ.App. 1986).
This court pretermits a detailed summary of the evidence pertaining to the alimony and attorney fee award. Reciting the facts would add little or nothing to the laws represented by the vast number of cases on the same legal subjects. However, we do note that the parties were married a total of seventeen years over a twenty-one-year span. Further, the wife is physically and mentally unable to support herself at this time.
In any event, suffice it to say that we have reviewed the evidence presented, and we find no plain and palpable abuse of the trial judge's discretion in the alimony and attorney fee awards made to the wife.
As indicated above, the husband also contends that the trial court abused its discretion *Page 1016 
in awarding custody of the minor child to the Department.
At the outset we note that it is a well-settled legal principle that, when testimony is presented ore tenus, there is a strong presumption that the trial court's ruling with regard to child custody is correct. The trial judge is in a position to observe and hear the evidence personally, and we cannot reverse on appeal unless the ruling is so unsupported by the evidence that it constitutes an abuse of judicial discretion and is, therefore, clearly and palpably wrong. Flowers v.Flowers, 479 So.2d 1257 (Ala.Civ.App. 1985).
In child custody cases especially, the perception of an attentive trial judge is a critical factor, and the reviewing court cannot substitute its judgment for that of the trial court if there is any reasonable inference presented from the evidence that the trial court's decree is correct. Williams v.Williams, 402 So.2d 1029 (Ala.Civ.App. 1981).
Viewing the record with the attendant presumptions, we find the following is pertinently revealed.
The parties were married in 1965, but divorced each other in 1976. In 1980 they were remarried and again divorced in 1986. They have two children, one of whom is a fifteen-year-old daughter and the subject of this custody dispute. The evidence shows that the parents have had numerous marital problems and separations over the years. There was testimony at the hearing that the husband was involved in using marijuana and cocaine. The wife testified that she had seen the husband use these drugs on several occasions. Additionally, the testimony was that he had been involved in adulterous relationships during the past few years.
The daughter also testified that her relationship with her father was not good and that at times he had threatened to "beat the hell out of me." During periods of her parents' separations, the daughter has stayed with her mother, and the father has had little contact with her. The daughter testified at one point during the hearing that she did not want to live with her father. However, later she did say that she would stay with him.
The father himself testified that he does not have a good relationship with his daughter. At the time of the hearing, he testified that he did not know where his daughter lived and that he had filed a complaint with the Department concerning her whereabouts. Further testimony was that the father was not able to adequately take care of his child, and at times, when medical attention was needed, he could not be reached.
The evidence shows that the father, the grandmother, and several other family members live close together. The father contends, therefore, that there would be someone at home to supervise the daughter when he could not be there. However, it appears that the grandmother is at an advanced age and not able to adequately supervise the child. Further, the evidence is that there have been certain instances of violence occurring on numerous occasions at the home. In fact, during one such incident the father's brother shot and killed his wife.
The evidence shows that the father has made little contribution to the health and welfare of his daughter. He has done little toward the contribution of any support for her. While the evidence is that he did have the ability to do so, he has paid nothing.
The trial judge found that the conditions in which the child was living were "awful." The evidence was that the daughter had been living with a thirty-nine-year-old man and had actively used drugs. Further, there was testimony that the child had previously had an abortion.
A review of the record reveals that the child's family life has been beset with problems. The lifestyle that she has been subjected to is not appropriate for a child. The mother is physically and mentally unable to have custody of her daughter. The father, therefore, argues that he, as a natural parent, has a prima facie right to custody in a *Page 1017 
contest with a third party. The foundation of his argument is that the rights of a natural parent should prevail over any third party when child custody is in issue.
The theory is true as far as it goes. However, the controlling principle in child custody cases is always the best interest of the child. Brown v. Alabama Department of Pensions Security, 473 So.2d 533 (Ala.Civ.App. 1985). Every case must be determined by its own facts with the primary goal being the best interest and welfare of the child. White v. Appleton,53 Ala. App. 702, 304 So.2d 206 (Ala.Civ.App. 1974). There is little problem in recognizing a parent's paramount right to custody of a child when such parent has fulfilled parental obligations of providing and caring for a child. It is when a parent has failed totally or in some material manner to fulfill the responsibility of a parent according to reasonable standards that the conflict between parental rights and the best interest of the child arises. That determination must come from the evidence, and each case must be decided on its own facts. Palmer v. Palmer, 387 So.2d 215 (Ala.Civ.App. 1980).
Given the facts of the instant case, we find that the trial court had sufficient evidence to support its denial of custody to the father and justify its award to the Department. It would appear that the only possible means of the child here to escape the lifestyle from which she came is to place her into the custody of the Department. We also note that the question of custody of a child in Alabama is never res judicata. Stevensonv. Stevenson, 452 So.2d 869 (Ala.Civ.App. 1984).
The father's argument that the trial judge should have recused himself from the case is without merit. This issue was not raised at the hearing, and it is well settled that issues not raised in the trial courts cannot be considered for the first time on appeal. Austin v. Burnett, 473 So.2d 1080
(Ala.Civ.App. 1985).
Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.