PER CURIAM.
This is a divorce case.
The parties were married in 1973. At the time of their marriage, each party had a substantial separate estate.
After an ore tenus hearing, the trial court issued a decree which granted the divorce, divided the property, and awarded the wife periodic alimony and an attorney’s fee. The wife appeals.
The wife contends that the trial court erred to reversal in its awards to her.
We find no error requiring reversal and affirm.
It is well established that the division of property and the award of alimony and attorney fees to the wife are within the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably abused. Turquitt v. Turquitt, 506 So.2d 1014 (Ala.Civ.App.1987); Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
Moreover, in a divorce case when the trial court personally hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal. The judgment cannot be altered on appeal if it is supported by legal evidence unless the trial court’s decision was palpably wrong. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986).
*733 Viewing the record with the attendant presumptions, we find that the following is pertinently revealed.
This was the second marriage for both parties, and no children were born from this marriage. As noted above, each party had a substantial separate estate when they married. The husband owned twenty-five percent interest in his family business, where he was actively employed. The wife owned certain real property, was a lifetime income beneficiary of a trust, and was receiving mortgage income. She testified that she is currently receiving approximately $1,500 per month from certain of these properties, excluding child support paid by her previous husband.
The trial court heard all the evidence and made the following awards: The wife was awarded all of her income-producing property, as well as all the personal property that she brought into the marriage. Likewise, the husband was awarded any personal property that he brought into the marriage. Further, the wife was awarded one-half of all personal property acquired during the marriage, a 1982 Oldsmobile Delta 88, and a “bulldozer” valued at approximately $14,000. The wife is also to receive one-half of the net proceeds from the sale of the marital home, which is appraised at $300,000.
The husband was directed to be responsible for any outstanding indebtedness of the parties. Further, the wife is to be “held harmless” on a $750,000 business loan for the husband’s business.
The wife is also to receive $1,150 per month as alimony. This will decrease to $850 per month when the marital home sells.
We have carefully reviewed the record, and in view of the length of the marriage and the wife’s separate estate, as well as the other awards to the wife, we cannot say that the trial court so abused its discretion as to reverse.
We should not be understood as saying that, had we been the trial court, we would have entered the same awards. We only conclude that to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Brannon v. Brannon, 477 So.2d 445 (Ala. Civ. App.1985).
This case is due to be affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.
BRADLEY, P.J., dissents.