STEAGALL, Justice.
James Lee Shepherd and Barb Era R. Beckey seek a writ of mandamus or, in the alternative, a writ of prohibition directed to Judge Jimmy Cashion, compelling him to dismiss the complaint for divorce and child custody filed by Kathleen Shepherd in the Marion Circuit Court.[1] The petitioners argue that that court did not have jurisdiction to award Kathleen custody of the Shepherds’ minor daughter, Elisa Marcell. The dispositive issue here is whether Alabama was Elisa’s “home state,” as that term is defined in the Uniform Child Custody Jurisdiction Act (hereinafter “U.C.C.J.A.”), Ala. Code 1975, § 30-3-22(5), when Kathleen sued for divorce in Alabama.
Kathleen and James Lee Shepherd were married on April 3, 1980, in Adrian, Michigan. Kathleen filed for divorce in the Probate Court of Lenawee County, Michigan, on March 23, 1988. By agreement, Kathleen and James vested temporary custody of Elisa in Elisa’s paternal grandmother, Barb Era R. Beckey, also a resident of Adrian.[2]
Elisa resided in Adrian from 1985 through May 15, 1989. James has resided in Adrian since 1985. Kathleen resided in Adrian from 1985 until November 1988, when she came to live in Marion County, Alabama. In May 1989, Kathleen returned to Adrian and attempted to reconcile with James. She dismissed her petition for divorce on May 12, 1989, and, on May 15, the temporary custody order was terminated. Within a week of the dismissal of her divorce action, Kathleen went to Elisa’s school, removed Elisa, and brought her to Marion County, Alabama.
James filed an action for divorce and custody of Elisa on May 17, 1989, in the Circuit Court of Lenawee County, Michigan. Kathleen filed a complaint for divorce and custody of Elisa on May 19, 1989, in the Circuit Court of Marion County, Alabama; that court granted Kathleen custody of Elisa that day. On June 16, 1989, Beck-ey filed a petition for custody of Elisa with the Michigan circuit court; that court granted temporary custody in favor of Beckey. On November 15, 1989, the Marion Circuit Court granted Beckey’s motion to intervene, but denied James and Beck-ey’s motion to dismiss.
The Parental Kidnapping Prevention Act of 1980 (hereinafter “P.K.P.A.”), 28 U.S. C.A. § 1738A (West Supp.1990), provides as follows at § 1738A(c)(l):
“(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—
“(1) such court has jurisdiction under the law of such State
(Emphasis added.)
It is clear that, under § 30-3-23, which is part of the U.C.C.J.A., Alabama did not have jurisdiction over this custody case. That section reads:
“(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
“(1) This state:
“a. Is the home state of the child at the time of commencement of the proceeding; or
“b. Had been the child’s home state within six months before commencement of the proceeding and the child is absent form this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
“(2) It is in the best interest of the child that a court of this state assume jurisdiction because:
“a. The child and his parents, or the child and at least one contestant, have a significant connection with this state; and
*243 “b. There is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; or
“(3) The child is physically present in this state and:
“a. The child has been abandoned; or
“b. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
“(4) a. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child; and
“b. It is in the best interest of the child that a court of this state assume jurisdiction.
“(b) Except under subdivisions (3) and (4) of subsection (a), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
“(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.”
(Emphasis added.)
Section 30-3-22(5), also part of the U.C.C.J.A., defines “home state”:
“The state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period....”[3]
It is apparent that Alabama was not Elisa’s home state when Kathleen filed her action in Marion Circuit Court, because Elisa had not lived with her mother for six consecutive months immediately preceding the commencement of that action. Rather, Elisa had been physically present in Alabama only a matter of days when Kathleen requested and was granted custody of Elisa by the Marion Circuit Court.
None of the other jurisdictional criteria under § 30-3-23 is satisfied, because: 1) there is no evidence that Elisa and Kathleen have a “significant connection” with Alabama; 2) there is not available in this state “substantial evidence concerning [Elisa’s] present or future care, protection, training, and personal relationships”; and 3) Elisa was not abandoned in Alabama, nor was there an emergency, such as threatened mistreatment or abuse, making it necessary to protect her.
Finally, as explicitly stated in subsection (b) of that statute, “physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.”
Ex parte Blanton, 463 So.2d 162 (Ala.1985), is distinguished from this case because, in that case, the Alabama court did have home state jurisdiction. In Blanton, a Louisiana couple filed for divorce in Louisiana in March 1982. The Louisiana court issued a consent judgment regarding custody of the couple’s two minor children and child support but did not grant a divorce. The wife and children moved to Mobile in December 1982, where the wife filed for divorce in July 1983. The husband left Louisiana and moved to Texas sometime between the wife’s move to Alabama and the “flurry of legal action in the summer of 1983.” 463 So.2d at 164. After an ore tenus hearing in September 1983, the Alabama court issued a final judgment divorcing the parties and incorporating the Loui-
*244 siana judgment pertaining to custody and child support.
The issue in Blanton was whether the pendency of the Louisiana proceeding barred the Alabama court's exercise of jurisdiction. The Alabama court’s home state jurisdiction was not in issue. See 463 So.2d at 165, n. 1. This Court held that the Alabama court was not barred from exercising its proper jurisdiction, because the Louisiana court was no longer exercising jurisdiction consistently with the P.K. P.A. (Neither the children nor either of the contestants still resided in Louisiana.)
Because we find that Kathleen did not meet any of the conditions available to establish jurisdiction under § 30-3-23, the Marion Circuit Court was without jurisdiction to award custody of Elisa to Kathleen. Thus, the writ of mandamus directing the Marion Circuit Court to dismiss case number DR-89-5381 is due to be granted.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX and ADAMS, JJ., concur.
ALMON, J., concurs in the result.

. This is an original petition for writ of mandamus or, in the alternative, a writ of prohibition filed in this Court pursuant to Rule 21(e), A.R. App.P.

. It appears from the record that Elisa had been in the custody of the State of Michigan Department of Social Services when temporary custody was ordered in favor of Beckey.

. Because Alabama’s definition of "home state” and the P.K.P.A.’s definition at § 1738A(b)(4) do not conflict, § 1738A(b)(4) does not preempt § 30-3-22(5). Ex parte Blanton, 463 So.2d 162 (Ala.985).