This is an appeal from a divorce decree which awarded custody of the parties' three minor children to the mother.
Thomas E. Wheeler, Jr. (father), and Valerie R. Wheeler (mother) were married on October 22, 1983. Three children were born to the marriage. Following an ore tenus hearing, the parties were divorced by order of the court dated December 12, 1989. Custody of the three minor children was awarded to the mother.
The father appeals. The mother cross-appeals. We affirm.
As regards the mother's cross-appeal, we note that she raises no contentions of error by the trial court. Therefore, her appeal is dismissed.
The father contends that the evidence demonstrated that the best interests of the children would be served by awarding him custody and that the trial court's refusal to do so was the result of its de facto application of the now abolished tender years doctrine.
Initially, we note that, when testimony is presented ore tenus, there is a strong presumption that the trial court's ruling with regard to child custody is correct. Turquitt v.Turquitt, 506 So.2d 1014 (Ala.Civ.App. 1987). Because the trial judge is in a unique position to observe and to hear the evidence, this court will not reverse on appeal unless the ruling is so unsupported by the evidence that it constitutes an abuse of discretion and, therefore, is clearly and palpably wrong. Flowers v. Flowers, 479 So.2d 1257
(Ala.Civ.App. 1985).
Furthermore, the controlling consideration in the award of custody is the welfare and best interests of the children.Shepherd v. Shepherd, 531 So.2d 668 (Ala.Civ.App. 1988). In making such a determination, the trial court may take into consideration a number of factors, including the age and sex of the children, as well as each parent's ability to provide for the children's educational, emotional, material, moral, and social needs. Santmier v. Santmier,494 So.2d 95 (Ala.Civ.App. 1986). *Page 833 
In light of the vast case law addressing the issue of child custody, we pretermit a detailed recitation of the facts. Suffice it to say that, after carefully reviewing the record, we find that there is ample evidence that both parties are fit persons to be awarded custody. We have stated heretofore that in such a case, "the trial court would not have been in error regardless of whom was awarded custody of the child[ren]."Hood v. Wilson 496 So.2d 76, 77 (Ala.Civ.App. 1986).
Both parents are loving and nurturing and appear well suited to provide for the material and emotional needs of their children. Furthermore, there was testimony that the father actively participated in the daily care of the children. However, there was also before the court, albeit contradicted, testimony that the mother had primary responsibility for the daily care of the children during the parties' marriage, as well as subsequent to their separation.
Because the evidence conflicted, it is well within the prerogative of the trial court to determine what custody arrangement was in the best interests of the minor children.Myers v. Myers, 523 So.2d 413 (Ala.Civ.App. 1987).
Finally, regarding the husband's contention that the trial court reached its decision based on improper concerns, expressly the tender years doctrine, we note that, while questioning an expert witness, the trial court stated, "Simply because that initial bonding exists does not necessarily in all cases make the mother the better parent, does it?" We find this statement to be indicative of the trial court's recognition that an award of custody based solely on the tender years of the children is improper.
Therefore, there was evidence to support the grant of custody to the mother, and we cannot say that the trial court was palpably wrong in doing so. This case is due to be affirmed.
The mother's request for an attorney's fee is hereby granted in the amount of $650.
CROSS-APPEAL DISMISSED; AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.