RUSSELL, Judge.
The parties were divorced on July 31, 1989. Following the filing of a petition for modification for additional child support by the wife on February 6, 1990, the husband answered and cross petitioned for change of custody of the minor children. The trial court conducted an ore tenus proceeding, and on July 3, 1990, entered an order denying the wife’s petition and granting a change in custody of the minor children to the husband during the school year and to the wife during the summer months. The trial court subsequently held a hearing on a motion for rehearing, which motion was denied. The wife appeals. We affirm.
The single issue raised on appeal is whether the trial court erred in changing the custody of the minor children.
At the outset we note that our standard of review is very limited in cases where the evidence is put before the court ore tenus. A judgment of the trial court entered upon oral testimony, involving custody of a child, is accorded a presumption of correctness on appeal, Payne v. Payne, 550 So.2d 440 (Ala.Civ.App.1989); Vail v. Vail, 532 So.2d 639 (Ala.Civ.App.1988), and we will not reverse unless the evidence so fails to support the determination that it is plainly and palpably wrong or unless an abuse of the trial court’s discretion is shown. To substitute our judgment for that of the trial court would be to reweigh the evidence. This Alabama law does not allow. Gamble v. Gamble, 562 So.2d 1343 (Ala.Civ.App.1990); Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App.1985).
This court pretermits as unnecessary a detailed summary of the evidence. The trial court heard several witnesses for both parties, observed the demeanor of the parties and the witnesses, and ordered a change in custody to the husband. We believe that, in considering the testimony, the trial court applied the criteria for change in custody established in Ex parte McLendon, 455 So.2d 863 (Ala.1984) — that such a change must promote the welfare and best interests of the children and that the benefits of change ordered must outweigh any disruptive effect of such a change. Accordingly, after carefully reviewing the record with the attendant presumptions, we cannot say that the determination of the trial court to transfer custody to the husband was either an abuse of discretion or was so unsupported by the evidence as to be plainly, and palpably wrong.
This case is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.