The parties were divorced in November 1991. The father was awarded custody of the parties' minor son. The mother appeals.
The mother asserts that the trial court erred in granting custody to the father.
When testimony is presented ore tenus, there is a strong presumption that the trial court's ruling with regard to child custody is correct. Turquitt v. Turquitt, *Page 1046 506 So.2d 1014 (Ala.Civ.App. 1987). Inherent in this review principle is a recognition that the trial court is uniquely qualified to observe the parties and resolve the issues of their credibility. Smith v. Smith, 448 So.2d 381
(Ala.Civ.App. 1984). A custody determination will not be reversed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Dyar v. Dyar, 484 So.2d 1116
(Ala.Civ.App. 1986).
The controlling consideration in the award of custody is the welfare and best interests of the minor child. Shepherd v.Shepherd, 531 So.2d 668 (Ala.Civ.App. 1988). In an initial custody determination, there is no presumption in favor of either party — the parties stand on equal footing. Santmier v.Santmier, 494 So.2d 95 (Ala.Civ.App. 1986).
We find it unnecessary to set out the facts in this instance. We have thoroughly reviewed the record, and in accordance with the attendant presumptions, find ample evidence to support the trial court's custody determination. Cory v. Cory,429 So.2d 1096 (Ala.Civ.App. 1983).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.