L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in 1983. Custody of the minor daughter was awarded to the mother.
In December 1990 the father filed a motion to change custody from the mother to the father. Following oral proceedings, the trial court awarded joint custody to the parties, with the father having primary physical custody for ten months annually. The mother appeals.
Initially, the mother asserts that the trial court erred in transferring custody to the father.
The parent seeking modification of a previous order granting custody bears the stringent burden of proving that a change in custody will materially promote the child’s best interests. Ex parte McLendon, 455 So.2d 863 (Ala.1984). The moving parent must demonstrate to the trial court that such a change in custody will more than offset the inherently disruptive effect caused by uprooting the child. McLendon.
When the trial court is presented evidence ore tenus, its determination is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong or unless an abuse of the trial court’s discretion is shown. Nicholas v. Nicholas, 464 So.2d 527 (Ala.Civ.App.1985).
In its order awarding custody to the father, the court made the following detailed findings of fact:
“1. That there has been a material change of circumstances since the original divorce decree was entered on the 4th day of August, 1983.
“2. That there is sufficient evidence to prove that the child has been sexually abused on more than one occasion while in the Mother’s custody and that the Talladega County Sheriff’s Department continues to have an open file on its investigation.
“3. That the child has been truant from school on numerous occasions prior to the filing of this petition and that a large majority of those absences were due to the Mother’s failure to cure the child’s infestation of head lice.
“4. That the child has been placed in special education classes and needs extra attention and help with her school work which the Mother has been unable to provide.
“5. That the Father and Stepmother have consistently exercised his rights of visitation and has demonstrated a sincere interest in the child’s well being.
“6. That the court is convinced that the Mother loves [the child] and that her intentions are admirable, but the Court is also convinced that due to the Mother’s limitations she cannot protect [the child] and fully meet her needs.
*1066 “7. That the evidence presented by the Father did demonstrate that it was not in the child’s best interest to remain with her Mother and that it would materially promote the best interest of the child for custody to be transferred to the Father.
“8. That the Father is capable of supporting the child without the financial assistance of the Mother who has very limited means of support.”
The mother insists that the court’s findings are contrary to the evidence adduced at trial. Our careful and thorough review of the record does not support the mother’s contentions. The trial court’s findings are supported by the record. We find support in the evidence that a change of custody to the father will materially promote the child’s best interests so that any disruptive effect occasioned by the custody change will be greatly overcome. McLendon.
The mother next asserts that the trial court erred in failing to appoint a guardian ad litem to represent the child in the custody proceeding. She insists that the trial court’s failure to do so was in contravention of § 26-14-11, Code 1975.
An appointment of a guardian ad litem under the provisions of § 26-14-11 “is directed primarily at protecting the interests of the child in a civil proceeding instituted against the child or in those proceedings attendant to a criminal prosecution for child abuse where the interests of the child conflict with those of the original guardian and/or cannot be adequately represented or protected by the State.” Burkett v. State, 439 So.2d 737 (Ala.Crim.App.1983).
This section is not applicable to the facts of this case. We know of no statutory or case authority that requires the appointment of a guardian ad litem for children in a custody dispute arising in a divorce decree modification hearing.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.
ROBERTSON, P.J., not sitting.