This is a divorce case.
Robert A. Black (husband) and Sherry Lynn Black (wife) married in 1983, and in March 1991 the husband filed for divorce, alleging, inter alia, adultery and incompatibility, and requesting custody of the parties' three children. The wife answered and counterclaimed, denying that the husband was the biological father of the oldest child. After determining that paternity of the oldest child was an issue and that the child was not represented, the trial court appointed a guardian ad litem for that child. In May 1992, the trial court divorced the parties and, inter alia, awarded custody of all three children to the husband. The wife appeals.
The wife contends on appeal that the trial court erred in granting the husband's motion to compel production of the wife's medical and psychiatric records and in awarding custody of the oldest child to the husband without notice to a man in Louisiana that the wife alleges is the child's biological father.
The wife first contends that the trial court erred in granting the husband's motion to compel production of her psychiatric records without a hearing, and that her mental state was never properly an issue before the court. The record reveals that the husband filed the motion on March 23, 1992, and the motion was granted on March 26, 1992. The record is devoid of any indication that the wife raised the hearing issue at trial; therefore, she is estopped from asserting that issue on appeal. Harbin v. Harbin, 495 So.2d 72
(Ala.Civ.App. 1986).
Alternatively, the wife contends that the trial court erred in admitting her psychological records, because, she contends, her mental state was never an issue. In Matter of VonGoyt, 461 So.2d 821 (Ala.Civ.App. 1984), this Court determined that where the question of one party's mental state is clearly in controversy, and a proper resolution of a custody issue requires disclosure, the privileged medical records and the psychologist-patient privilege must yield. In the instant case, the wife's mental state was relevant to the issue of her fitness to parent the children and in determining the best interests of the children, and, therefore, was clearly in controversy. A trial court has wide latitude in the evidence it may consider in a child custody determination. Von Goyt, supra.
The best interests of the children in a custody matter are the paramount consideration, and a party's physical, financial, and mental ability to care for the children must *Page 452 
be considered. Von Goyt, supra. The resolution of the custody issue in the instant case required disclosure of privileged information to determine the best interests of the children.
The wife further contends that the trial court erred in granting custody of the oldest child to the husband without notice to the man in Louisiana that she alleges is the child's biological father. She argues that such notice is required pursuant to Ala. Code 1975, § 30-3-24. She further argues that the trial court erred in awarding custody of the oldest child to the husband, who she says is a non-parent, over a natural parent.
When testimony in a divorce case is presented ore tenus, there is a strong presumption that the trial court's ruling with respect to child custody is correct. Wheeler v. Wheeler,574 So.2d 832 (Ala.Civ.App. 1990). A custody determination will be reversed on appeal only if it is unsupported by the evidence and therefore plainly and palpably wrong. Bowden v.Bowden, 601 So.2d 1045 (Ala.Civ.App. 1992). In child custody cases, the
 "perception of an attentive trial judge is a critical factor, and the reviewing court cannot substitute its judgment for that of the trial court if there is any reasonable inference presented from the evidence that the trial court's decree is correct."
Turquitt v. Turquitt, 506 So.2d 1014, 1016
(Ala.Civ.App. 1987). We have thoroughly examined the voluminous record, and we deem it unnecessary to detail specific opposing allegations. Suffice it to say that each party has undertaken to show the other's unfitness to have custody of the children.
From the record, it appears that the oldest child was born before the marriage, that the husband participated in the child's birth, and that the husband has, at all times, treated the child as his own son. Both parties testified that the husband was not the child's biological father and that there were no blood tests performed, and the record reveals no pending paternity action or adjudication regarding this child's paternity. The record is clear that the husband has assumed normal paternal duties and responsibilities for this child since his birth in 1982, and that the husband was the only father this child had known until shortly before the divorce, when the mother introduced another man as the child's biological father. The statute the mother cites refers to notice requirements for a custody petition to a parent whose parental rights have not been terminated. In the instant case, there was testimony that possibly one of three men was the biological father of the child, and that the child's birth certificate indicated that the father was unknown. The record is devoid of any evidence that any of the men have asserted any parental rights as to this child, nor is there evidence that any man, besides the husband, has been involved in this child's life in any way. There is simply nothing in the record to indicate that the true identity of this child's biological father has ever been legally determined. Although testimony disclosed that the man in Louisiana was aware of these proceedings regarding the child's custody, he is not a party to this action. "As a general rule, 'a litigant may not claim standing to assert the rights of a third party.' " Ex parte Izundu, 568 So.2d 771,772 (Ala. 1990). (Citation omitted.) The record discloses nothing to except the wife from the general rule, nor to show that the man in Louisiana, or any man besides the husband, has standing to assert parental rights with regard to this child.
The wife's final argument is that the trial court erred in granting custody of the children, particularly the oldest child, to the husband. She argues that the oldest child is not the biological child of the husband and that the trial court erred in granting custody to the husband, who she argues is a nonparent.
From the record, it appears that the husband is presumed to be the legal father of the oldest child. Ala. Code 1975, §26-17-5(a), states:
 "A man is presumed to be the natural father of a child if:
". . . .
 "(3) After the child's birth, he and the child's natural mother have married, or attempted to marry, each other by a marriage solemnized in apparent compliance *Page 453 
with the law although the attempted marriage is or could be declared invalid, and
 "(a) He has acknowledged his paternity of the child in writing, such writing being filed with the appropriate court or the Bureau of Vital Statistics. . . .
". . . .
 "(4) While the child is under the age of majority, he receives the child into his home or otherwise openly holds out the child as his natural child; or
 "(5) He acknowledges his paternity of the child in a writing filed in accordance with provisions of the legitimation statute."
The husband testified that after he and the wife married, he filed an affidavit in the probate court acknowledging paternity in order that the child would have the same last name as the other children, and because he could not afford the costs of legal adoption. The record is filled with testimony that the husband received the child into his home and has openly held the child out as his own, treating the child no differently from his other two children. The trial court also noted its consideration of the oldest child's preference to be placed with his siblings in this custody dispute. Clearly, the husband has created a legal presumption that he is the child's father and the wife has not rebutted that presumption. Further, the record evidence is clear that the husband has long established the legal parent-child relationship. Although the trial court order expressly stated that the husband is not the biological father of the child, it found that the parent-child relationship exists and ample evidence supports that determination. See Ala. Code 1975, § 26-17-4.
The wife also seems to argue that the trial court erred in awarding custody to the husband because, she argues, he is a non-parent. In view of the trial court's finding of a parent-child relationship between the husband and the child, this argument is without merit. Even so, the law is clear that the presumption favoring the natural parent can be overcome by clear and convincing evidence that the natural parent is unfit or unsuited for custody, and that the best interests of the child will be served by granting custody to the non-parent. Ex parte Terry, 494 So.2d 628 (Ala. 1986). The trial court's order expressed awareness of that presumption, stated numerous findings regarding the wife's unfitness, and stated "the Court finds that the conduct of the [wife] is such that she would be an improper person to be entrusted with the care and upbringing of any of the children at issue in this case." Ample record evidence supports this determination.
When determining custody, the trial court's controlling consideration is the welfare and best interests of the children. Shepherd v. Shepherd, 531 So.2d 668
(Ala.Civ.App. 1988). In determining the children's best interests, the trial court may consider such factors as the age and sex of the children; the children's emotional, social, moral, material, and educational needs; the respective home environments offered by the parties; the age, character, stability, and mental and physical health of each parent; the capacity of each parent to provide for the needs of the children; and the relationship of the children to each parent. Murph v. Murph, 570 So.2d 692
(Ala.Civ.App. 1990).
After a careful examination of the evidence, in light of the proper factors, we conclude that it supports the trial court's determination that "[t]he proof is clear and convincing that it would be in the best interests and welfare of all of the children, including [the oldest], if custody were placed in the [husband]." The trial court, having seen these parties and heard their testimony, is better able to safeguard the welfare and best interests of these children.Sheffield v. Sheffield, 350 So.2d 1056 (Ala.Civ.App. 1977). We find no reversible error in the trial court's award of custody of all three children to the husband. Bowden, supra.
Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur. *Page 454