THIGPEN, Judge.
This is a custody ease.
James R. Bosarge, Sr. (father), and Cheryl D. Bosarge (mother) were married in January 1986. The father filed for divorce in January 1990, alleging incompatibility and an irretrievable breakdown of the marriage. The parties entered into an agreement specifying, inter alia, that the mother would have custody of their three minor children, subject to the father’s visitation, and that the father would pay $200 per month in child support and $40 per month in periodic alimony. The trial court divorced the parties, incorporating the agreement into the judgment.
The father filed a motion to modify and for rule nisi in March 1992, alleging that the mother had not returned all his property, and requesting that he be granted custody of the children based on changed circumstances. The mother filed motions for rule nisi, alleging, inter alia, that the father was delinquent in his alimony payments, that he had failed to pay other court-ordered expenses, and that he had failed to maintain insurance on her home as ordered in the divorce judgment. She also requested an increase in the child support obligation.
Following an ore tenus proceeding in July 1992, custody of the children was changed from the mother to the father. Additionally, all rule nisi motions were denied, the father’s alimony obligation was terminated, and the father was awarded certain items of personal property. The mother appeals, challenging only the custody determination.
The mother contends on appeal that changing custody to the father would not materially promote the children’s best interest and welfare; that the change of custody ' was unsupported by the evidence and therefore an abuse of discretion; and that the trial court improperly relied upon evidence regarding her sexual behavior in deciding to change custody.
When evidence is presented ore tenus, there is a strong presumption that the trial court’s ruling with respect to custody is correct. Bowden v. Bowden, 601 So.2d 1045 (Ala.Civ.App.1992). The trial court’s determination of custody will be reversed on appeal only if it is unsupported by the evidence, and therefore plainly and palpably wrong. Bowden, supra.
The mother first contends that the father failed to show that a change of custody would materially promote the best interests and welfare of the children. It is well settled that a noncustodial parent seeking modification of a previous order granting custody must prove that a change in custody would “materially promote” the child’s best interests and welfare. D.E.S. v. J.S., 603 So.2d 1064 (Ala.Civ.App.1992); Clayton v. Clayton, 598 So.2d 929 (Ala.Civ.App.1992). The parent seeking the modification of a previous order granting custody must demonstrate that such a change of custody would more than offset the inherently disruptive effect caused by uprooting the child. D.E.S., supra.
Testimony presented at trial revealed that after their divorce, the parties resided in adjacent residences. The mother testified that she had not worked since 1986, and she had no apparent means of support, except for alimony and child support. The father testified that the mother had numerous male visitors, one of whom later died of a drug overdose. The father further testified that the mother had failed to seek medical attention for two of the children when they contracted impetigo. The trial court also heard testimony that the mother allowed children, including her own, to babysit unsupervised, and that there were accusations of sexual molestation. In light of the attendant presumption of correctness which attaches to the trial court’s judgment, Bowden, supra, we cannot find that the trial court abused its discretion in determining that a change of custody would materially promote the welfare and best interests of the children. Clayton, supra.
*711 The mother next contends that the change in custody was unsupported by the evidence, and therefore plainly and palpably wrong, amounting to an abuse of the trial court’s discretion. The basis of the mother’s argument is that the father lives in a three-bedroom, two-bath residence with his current wife and five other children, and that presumably, he has no room for three additional children.
Although the mother’s contention regarding overcrowding is a factor which the trial court may consider in determining custody, we do not find that to be dispositive in the instant case. The aforementioned evidence regarding the mother’s past performance of her custodial duties is also a factor to be considered. The father testified that he believed his residence was adequate to house three additional children. To substitute our judgment for that of the trial court would be tantamount to reweighing the evidence on appeal. See Kelley v. Kelley, 581 So.2d 861 (Ala.Civ.App.1991).
Last, the mother contends that the trial court erred in changing custody, when, she says there was insufficient evidence that her sexual behavior had detrimentally affected the children. She correctly argues that acts of adultery or sexual indiscretion do not, by themselves, mandate a modification of custody. Taylor v. Taylor, 563 So.2d 1049 (Ala.Civ.App.1990). The parent seeking modification on those grounds must demonstrate that such conduct has a detrimental effect on the children whose custody is being sought. Taylor, supra.
The mother testified at trial that she had frequent male visitors at her residence; however, she maintains that she had sexual relations with only two of them. She also admits to hosting a party where sexual products, like creams and lotions, were displayed and sold at her home, in a manner, she explained, “like a home interior party and a Tupperware party.” There was no direct evidence, however, that the children were harmed by her behavior.
The trial court’s order does not specify the mother’s sexual behavior as grounds for its modification of custody; however, our careful examination of the record discloses sufficient evidence to support changing custody from the mother to the father, without considering the mother’s sexual behavior. The trial court’s change of custody is supported by record evidence and is not plainly and palpably wrong. Bowden, supra. Therefore, its judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.