MONROE, Judge.
This is a child custody modification case.
Carlyn Frazier (mother) and Vernon Frazier (father) were divorced in February 1993.
*8 The mother was awarded custody of the parties’ minor daughter, who was then 15 years old. In June 1993, the father filed a motion seeking custody of the daughter, alleging hostility and dissention between the mother and daughter.
After an ore tenus hearing held May 9, 1994, the trial court ordered that custody of the daughter be changed from the mother to the father. The trial court also relieved the father of his child support obligation. The mother appeals.
The mother contends that the father did not present sufficient evidence to justify the trial court’s custody modification order. In seeking a change in custody, the burden is upon the petitioner to show that the change “will materially promote the child’s best interests and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child.” Jones v. Sprinkle, 621 So.2d 1341, 1342 (Ala.Civ.App.1993), citing Ex parte McLendon, 455 So.2d 863 (Ala.1984).
Custody decisions based on ore tenus evidence will not be reversed except for abuse of discretion or in cases in which the judgment is unsupported by the evidence and is plainly and palpably wrong. Id. Further, when evidence is presented ore tenus, the trial court’s ruling regarding custody is presumed to be correct. Bosarge v. Bosarge, 628 So.2d 709, 710 (Ala.Civ.App.1993).
The record shows that conflicting testimony was presented at the custody modification hearing. The daughter, who was 16 years old at the time of the hearing, painted a picture of a wretched relationship with her mother, and told the court of incidences of both physical and mental abuse she received at the hands of her mother. The daughter testified that her mother told her that she was “sorry” and too much like her father. She also said that on several occasions her mother told her to “get out” and told her that she hated her. Her mother also told her that her name, Frazier, “is a sorry name.” The daughter said that her mother told her she is a liar, and that she is worthless because she is related to her father. The daughter further testified that her mother has told her not to telephone her while she is staying at her father’s house and that her mother takes away her house keys when she goes to visit her father.
The mother described having, at best, a strained relationship with her daughter. While the mother denied several of the incidences testified to by her daughter, she did admit to hitting her daughter in the leg while the two were arguing in the car.
After hearing all the evidence presented in this case, the trial court entered a written order stating that the court was “reasonably satisfied that there has been a material change in circumstances, such that it would materially promote the welfare of the child to reside with the [father].” In other words, the trial court found that the father had met the standard set out in McLendon.
Strict adherence to the ore tenus rule is most important in cases like this one, which involve conflicting testimony and an emotionally charged issue. In this case, the trial court had the opportunity to observe the demeanor and actions of the witnesses. The court was able to base its decision on much more than the words appearing in a sterile trial record.
Evidence in the record supports the trial court’s finding that giving the father custody of the daughter would materially promote the welfare of the child. Therefore, we cannot say that the trial court abused its discretion or that its judgment is palpably wrong.
Because we do not reverse the trial court as to the issue of custody modification, this Court need not address the issue of whether to reverse the trial court’s order directing the clerk of the court to pay the father those child support payments held in escrow pending the outcome of the modification hearing.
The judgment of the trial court is affirmed.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
*9 THIGPEN, J., dissents.