MONROE, Judge.
The mother appeals from a child custody modification.
Benjamin MeWaters, the father, is employed by Eastern Technologies, a nuclear service company. In 1988, as part of a temporary job assignment, MeWaters worked in Zion, Illinois. While living in Illinois, MeWa-ters had a relationship with Tiffany Statz. After MeWaters returned to Alabama, Statz informed him that she was pregnant. Statz moved to Alabama and the two lived together, although they did not marry. Their daughter was born on September 27, 1989.
Shortly after the birth of their daughter, the parties moved to Illinois, where Statz had family. Shortly thereafter, the parties separated. They reached an agreement concerning child custody, visitation, and child support. The agreement provided that the couple would have joint legal custody of the daughter, that her primary residence would be with the mother, and that the father would have liberal visitation rights. The Circuit Court of Lake County, Illinois, entered a custody and support order in accordance with the parties’ agreement. Subsequently, the father moved back to Alabama and the mother moved to Las Vegas.
At the end of April 1996 the daughter left from her mother’s new home in Las Vegas for a three-week visit with the father. The visit coincided with a school break. The mother agreed to let the daughter extend the stay with the father to participate in his wedding. The mother had lost her job in Las Vegas and her boyfriend was sick and out of work, so the mother agreed to let the daughter stay with the father at least until July. The daughter continued to stay with the father months afterward.
On November 21, 1996, the father filed a petition in Houston County, seeking a modification of the Illinois custody order. On November 22, 1996, the trial court entered an order granting the father temporary custody of the daughter.
On April 30, 1997, the mother filed a motion to dismiss the father’s modification petition, arguing that the Alabama court did not have jurisdiction. After a hearing, the trial court denied the mother’s motion. It then entered an order modifying the Illinois custody order, to provide that the daughter’s primary residence would be with the father. In its order, the trial court made the following findings:
“[Tjhere has been a material change of circumstances in regard to the mother having moved from a stable home environment in Illinois, which included the presence of family and relatives, to Las Vegas, Nevada, and that the minor child is now living in a home environment with the father with numerous family members, a settled home environment, and improved educational opportunities.”
The mother appeals.
The mother argues that the trial court did not have jurisdiction in this case. She contends that the trial court’s jurisdiction over custody matters is limited to instances in which the child’s parents are divorced or are divorcing. The mother provides general authority on this issue, but none of that cited authority actually supports her argument.
The father filed his petition for modification of the prior custody order about seven months after the daughter' arrived in Alabama. The Uniform Child Custody Jurisdiction Act, § 30-3-20 et seq., Ala.Code 1975, provides that the trial court has jurisdiction to make a custody determination if, among other things, Alabama is the home state of the child. §-30-3-23. The “home state” is defined as “[t]he state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as a parent, for at least six consecutive months.” § 30-3-22(5). Because the daughter had lived in Alabama for six consecutive *662 months before the father filed this action, the trial court had jurisdiction in this matter, pursuant to § 30-3-23. See also Ex parte Shepherd, 565 So.2d 241 (Ala.1990).
The mother also argues that the trial court abused its discretion in modifying the Illinois custody order in order to give the father custody of the child. Decisions regarding child custody and modification are within the trial court’s discretion. Hepburn v. Hepburn, 659 So.2d 653 (Ala.Civ.App.1995). The trial court received ore tenus evidence; therefore, its judgment based on that evidence is presumed to be correct. Bosarge v. Bosarge, 628 So.2d 709, 710 (Ala.Civ.App.1993). The judgment will be reversed only if it is unsupported by the evidence and therefore plainly and palpably wrong. Id.
Because the Illinois judgment ordered that the mother’s residence would be the child’s primary residence, the stringent standard of proof stated in Ex parte McLendon, 455 So.2d 863 (Ala.1984), applies. Scac-ca v. Scacca, 694 So.2d 1 (Ala.Civ.App.1997). Under McLendon, the father must show that a change in custody would “materially promote” the best interests and welfare of the child. McLendon, 455 So.2d at 865. Further, the positive aspects of moving the child must “more than offset the inherently disruptive effect caused by uprooting the child.” Id. at 865.
The record shows that after the father moved to Alabama from Illinois, the mother, who at that time still lived in Illinois, had lived with different boyfriends, her sister, her sister’s children, her sister’s boyfriend, and his former roommate. The mother lost her job and decided to move to Las Vegas with her boyfriend. When the mother and her boyfriend first left for Las Vegas, they left the child with the mother’s sister.
There is evidence that once in Las Vegas, the mother and her boyfriend took various jobs and moved from apartment to apartment. They were evicted from one apartment after her boyfriend accidentally fired a handgun, shooting through the apartment’s exterior wall and into an air conditioner. The mother testified that she has moved again and that if she were to retain custody of the child the child would not attend the same school she attended before coming to Alabama.
When the child visited her father in Alabama, the mother readily agreed to let the child spend an extended time here. The father testified that, even though he offered to fly the mother to Alabama while he had the child, the mother never visited the child. He also testified that the mother’s telephone calls to the child became less frequent, until the mother would call once or twice a month.
The child will be nine years old in September 1998. The record shows that while the child was in her mother’s custody she was doing poorly in school. Her grades have improved since she has been living with the father, although we note that she is repeating a grade. There is also evidence that many members of the child’s extended family live in the area around the father’s home, and that the father has family support.
There was evidence both pro and con regarding the suitability of each parent. However, from the evidence presented, the trial comf could have determined that the father has the more stable household. The evidence supports a finding that the change in custody will materially promote the child’s best interests and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child.
This court cannot reweigh the evidence in this case. Ex parte Bryowsky, 676 So.2d 1322, 1326 (Ala.1996). The Alabama Supreme Court explained the purpose behind that rule as follows:
“This case, like all disputed custody cases, turns on the trial court’s perception of the evidence. The trial court is in the better position to evaluate the credibility of the witnesses ... and the trial court is in the better position to consider all of the evidence, as well as the many inferences that may be drawn from that evidence, and to decide the issue of custody.”

Id.

We cannot say that the trial court’s judgment is not supported by the evidence or that the judgment is plainly or palpably *663 wrong. To reverse the judgment of the trial court would be to reweigh the evidence and to supplant our judgment for that of the trial court, which we cannot do. Id; Ex parte Perkins, 646 So.2d 46 (Ala.1994).
The judgment of the trial court is affirmed.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result.
CRAWLEY and THOMPSON, JJ., dissent.