This is a child custody modification case.
The parties to this action were divorced December 23, 1981, prior to the birth of their only child, Eric, on March 18, 1982. The divorce decree adopted an agreement between the parties that the father would relinquish all custody and visitation rights and the mother would waive all rights to child support for the child. That part of the decree concerning the child was later modified in November 1982, to provide limited support and visitation provisions to each party. There were subsequent complaints regarding problems with the visitation. In August 1988, the father filed a petition for modification requesting that he be granted custody of the minor child.
After an ore tenus proceeding, the trial court entered a final order on December 16, 1988, granting custody of the child to the father and specifying visitation provisions for the mother. The father filed a motion to alter or amend that order, seeking to terminate all visitation rights of the mother. After receiving additional ore tenus evidence, the trial court modified the December order on February 10, 1989, further restricting the visitation rights of the mother. From the orders of December 16, 1988, and February 10, 1989, the mother appeals.
The mother raises several issues on appeal; however, the dispositive issue can be stated as follows: Did the trial court abuse its discretion in awarding custody to the *Page 1158 
father and restricting the visitation rights of the mother?
At the outset, we note the limitations placed on this review. Child custody is a matter that rests soundly within the trial court's discretion. There is a presumption of correctness when the trial court receives ore tenus evidence in child custody cases and the judgment will not be disturbed on appeal unless it is plainly and palpably wrong or unjust. Wesson v. Wesson,507 So.2d 536 (Ala.Civ.App. 1987), and Lucero v. Lucero,485 So.2d 347 (Ala.Civ.App. 1986).
Our supreme court has thoroughly addressed and explained standards regarding consideration of custody changes in situations such as the instant case. The parent seeking modification of a previous order granting custody must bear the burden of proof that a change will materially promote the best interests of the child and that "the positive good brought about by the modification must more than offset the inherently disruptive effect caused by uprooting the child." Ex parteMcLendon, 455 So.2d 863 (Ala. 1984).
The trial court also has broad discretion in determining visitation rights, and, therefore, its judgment must be affirmed unless it is unsupported by the evidence. Andrews v.Andrews, 520 So.2d 512 (Ala.Civ.App. 1987). The trial court must consider what is in the best interests and welfare of the child in determining visitation rights for a noncustodial parent. Jackson v. Jackson, 520 So.2d 530 (Ala.Civ.App. 1988). We have consistently recognized that each child visitation case must be decided on its own facts and circumstances. Fanning v.Fanning, 504 So.2d 737 (Ala.Civ.App. 1987).
The mother contends that both orders were so unsupported by the evidence that they are plainly and palpably wrong. She argues that any material change in circumstances demonstrated to the trial court is not sufficient to show that a change in custody would substantially benefit the child enough to offset the disruptive effect of uprooting the child.
Extensive testimony and evidence, including expert testimony from mental health staff, was before the trial court for consideration. There was expert testimony that the child was developmentally behind children his age and that the child has had a very unsettled upbringing to this point. He has lived various places both with and without his mother during the years she has retained custody, and the mother's life continues to be unstable. During the past two years, the mother has relocated eight times, shuffling the child from place to place. She continues to be dependent on her parents and others to support herself and the child. The child has been left with the maternal grandparents on occasions, including the entire 1987-88 school year, and had an excessive number of absences due to a lack of supervision in getting prepared for the school day and being ready to catch his ride at the proper time.
There was testimony before the court that the mother frequently did not supervise the child and allowed him to roam freely in areas that were not safe. This included testimony regarding his playing on the shoulder of a busy highway only a few feet from the traffic, his wandering alone into a store near the trailer park where his grandparents lived, and riding a toy vehicle in a busy parking lot at an apartment complex, all totally unsupervised.
The mother's instability, dependency on others, inadequate supervision of the child, and poor parenting skills, have resulted in the child's being behind in the development of certain life skills. There was testimony that the child's toilet training was far behind that of children his age and development level. There was evidence before the court that at age six the child inappropriately ate with his fingers due to lack of training in the home. There was testimony that on the visits with the father, the child was instructed in toilet training and eating with the proper utensils and that the child would learn and utilize such training while with his father, but would regress in the mother's care. *Page 1159 
Any home the mother has provided the child over the past years has been through her parents, her lovers, or her friends. She continues to be unemployed and financially dependent on others, although there was testimony that she is presently enrolled in school in efforts to improve her employability and raise her living to a level more independent from others. The father has remarried and has other children. He maintains a good stable home environment for caring for the child, and his new wife demonstrates a willingness to assist and support him in raising this child. The father also can provide ample housing space and financial resources to properly support the child.
As to the visitation aspect, the father has maintained a constant parental role for the child over the years, at times being perhaps the only consistent factor in the child's life. In spite of the mother's frequent moves, instability, and disregard for court orders, the father has continued to attempt to carry out court-specified visitation. The mother, on the other hand, has refused to return the child at court-appointed times during the pendency of this action, and on one occasion even attempted to obtain physical custody of the child by approaching the father's residence through a wooded area while possessing a large hunting knife. The trial court noted these and similar facts in its orders.
The record reflects that there were custody and visitation disputes between the parties even before the child's life began and that they are continuing. The disputes have been before the trial court several times over the years. The trial court had before it ample evidence as to the fitness and suitability of each of the parties regarding custody and visitation. The long history of this case has resulted in a very extensive record for judicial review. In its very lengthy and thorough order, the trial court stated the following:
 "Suffice it to say that the court is clearly satisfied that the requirements set forth by the Supreme Court of Alabama for modification of custody have been met under the evidence presented in this case. The court is clearly satisfied that the plaintiff has established under the evidence that modification of custody of Michael Eric Jordan Taft will materially promote the welfare and best interests of the minor child. . . .
 "The court concludes that the plaintiff, Mike Taft, has satisfied the burden of proof to sustain a modification of custody of Michael Eric Jordan Taft, and that a modification of custody of this minor child will materially promote the best interests and welfare of the minor child, and further that the positive good to be brought about by this modification will more than offset the disruptive effect of changing custody of the child."
The record is replete with evidence supporting the trial court's determinations regarding custody and visitation. Our thorough review, applying the appropriate legal presumptions, reveals nothing to support the mother's contentions that the trial court abused its discretion in awarding custody of the child to the father and restricting her visitation rights; therefore, we affirm the judgment.
Both parties' requests for attorneys' fees on appeal are denied.
AFFIRMED.
All the Judges concur.