ROBERTSON, Presiding Judge.
This is a child custody case.
Bobby Sue Henderson (mother) and Maxwell Henderson (father) were divorced in 1978. The mother and the father resumed living together as common-law husband and wife from October 1979, until October 1981. The parties’ only child, a son, was born approximately three to four months before the parties ceased living together in 1981.
In February 1991, after an ore tenus proceeding concerning the custody of the minor child in circuit court, the trial court entered a final order which placed the care, custody, and control of the minor child with the father and granted the mother certain visitation rights.
In August 1991, the mother filed a complaint for divorce in which she alleged, inter alia, that it would be in the best interests of the minor child that custody be placed with her and sought full custody of the minor child and adequate child support.
After an ore tenus proceeding, the trial court entered a judgment of divorce and held:
“5. That the minor child of the parties ... was at the time of the filing of this cause, in the custody of the [father], pursuant to [an order] of this court on February 8, 1991, subject to reasonable rights of visitation of the [mother]. That the [mother] failed to meet the burden for a change of custody under the law. That the [father], remains the individual charged with the care, custody, and control of the minor child....”
The mother filed a postjudgment motion, which the trial court denied. The mother appeals.
The sole issue before this court on appeal is whether the mother met the burden of proof necessary to change the previously ordered custody of the minor child from the father to the mother.
At the outset, we note that where there has never been a determination regarding the custody of a minor child in a divorce action, the trial court has the discretion, considering the best interests of the child, to award custody to either parent. Stanford v. Stanford, 567 So.2d 371 *629 (Ala.Civ.App.1990). However, in this case, there was a prior judgment granting custody of the minor child to the father; therefore, the mother, as the parent seeking to modify the trial court’s previous order regarding custody, bears the burden of proof that a change of custody will materially promote the best interests of the minor child. Taft v. Taft, 553 So.2d 1157 (Ala. Civ.App.1989). The mother bears the burden of proof that the positive good brought about by the change in custody will more than offset the inherently disruptive effect caused by uprooting the child. Taft.
We also note that when evidence is presented ore tenus, a decision by the trial court on the matter of child custody is discretionary and will not be reversed on appeal unless the determination is so unsupported by the evidence as to be plainly and palpably wrong. McGregor v. McGregor, 571 So.2d 1145 (Ala.Civ.App.1990).
At trial, the mother testified that the minor child was 11 years old; that the father had obtained custody of the minor child approximately one year before; that since the father had obtained custody, the minor child had “always [had] something to fuss about”; that the father fussed about a T-shirt the minor child had misplaced and about the minor child’s medical bills; and that most of the time the father fussed with her in front of the minor child. The mother also testified that the minor child was not very happy about these arguments; that the minor child was scared when she took him back to his father after a visitation; that the minor child cried when she left him with the father; that the father tells the minor child to stop crying or he will cut the visitation rights out; that the minor child was content when he visited with her; that she took the minor child to church every weekend she had visitation rights; and that the father would not let the minor child attend church.
Johnny Ray Jones, the pastor at the mother’s church, testified that he had known the mother for 17 years; that he has had an opportunity to observe the mother and the minor child together; and that the minor child would benefit from living with his mother.
Katherine Wright, a friend of the mother, testified that the father fussed in front of the minor child; that the minor child seemed happy with the mother; and that the minor child was scared if the mother brought him back late from a visit, because the father told him he would call the police.
After the above witnesses had testified, the mother rested her case. The father then moved to deny the mother’s request to modify custody, arguing that the mother had failed to meet the burden of proof necessary for the trial court to grant a change of custody from the father to the mother. The trial court agreed. The father then did not testify and did not call any witnesses on his behalf.
In light of the evidence presented at trial, we find that the trial court did not err when it determined that the mother had failed to meet the burden of proof necessary for a change of custody under the law. Consequently, we hold that the trial court’s judgment was not plainly and palpably wrong. Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.