YATES, Judge.
The parties were divorced on February 6, 1990, by the Circuit Court of Houston County. By agreement, the mother was awarded custody of the parties’ then 20-month-old child. Three months later, at the request of the mother, the father took temporary custody of the child. On January 80,1991, after a hearing, the court modified the divorce judgment, awarding custody of the child to the father, with the mother having scheduled visitation. The court ordered the mother to pay $132 per month child support, and it ordered the parties to “share equally all uncovered medical, health, dental, drug, or medicine expenses of the minor child.”
On May 1,1992, the father petitioned for a rule nisi, alleging that the mother had failed to pay child support and uncovered medical expenses as ordered, and asking for an order restricting the mother’s visitation with the child. He claimed that because of “the tender age of the minor child and the lapse of some two years without visitation or any meaningful contact of any nature, the exercise of visitation by the [mother], without some restriction would be traumatic for the minor child.” On May 4,1992, the trial court entered an ex parte order temporarily restricting visitation. The first two weekend visits that the mother had with the child were to be supervised, non-overnight; visitation would then revert to that previously ordered.
On June 4, 1992, the mother answered the father’s petition and counterclaimed, arguing that “the child is bright and remembers [the mother] without any fear and [the mother] denies that any trauma would result from a female child being allowed to visit her real mother.” The mother sought custody of the child, alleging:
“3. That since the change in custody, [the father] has failed and refused to allow [the mother] to visit with her daughter and on at least three occasions absolutely refused to allow visitation.
“4. That [the father] refuses to allow even telephone contact between [the mother] and her child and has refused to allow any contact for the last 8 or 9 calls. [The mother] avers that she was verbally assaulted and abused by [the father].
“5. That [the father] has informed [the mother] that she will never see the child again and that his current wife has become ‘mother’ to the child and that the child did not know who [the mother] was.
“6. That [the mother], due to [the father’s] blatant contempt of court and abu *120 sive attitude toward [the mother], has not seen her child since May 12, 1990.
[[Image here]]
“9. That [the mother] is a fit parent and a proper person to have custody of the minor child of the parties and the continual denial of contact between [the mother] and the child is abusive to the child and not in the child’s best interests.” >
The mother also moved to alter or amend the ex parte order restricting visitation. She claimed that the father had moved to Charlotte, North Carolina, and that she was living in Dallas, Texas; that the costs of such restricted visitation were prohibitive; and that the father’s allegations of possible emotional trauma to the child were “unsupported by competent medical evidence and overcome by the child’s need to experience both parents.” On July 31, 1992, the mother moved to have the father held in contempt, claiming that the father had refused to allow her visitation with the child.
After a hearing, the court entered an order on September 4, 1992, finding the mother $1,692 in arrears in child support and medical expenses; the court did not find her to be in contempt, but ordered her to pay the arrearage within six months. Further, the court denied the mother’s request for custody, finding that “any benefits derived from a change in custody would not outweigh the disruption caused”; however, the court modified visitation to include specified holiday, spring, and summer visits.
On June 11, 1993, the mother, while exercising visitation at her home in Texas, filed a petition in the District Court of Dallas County, Texas, pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), §§ 11.64 and 11.53, seeking to modify the award of custody and seeking a temporary restraining order against the father. She stated that it would not be in the best interests of the child to remain with him because, she said, there was “a serious, immediate concern for the welfare of the child.” The mother asked to be awarded child support and an attorney fee. The Texas court entered an order on that date, temporarily granting the mother’s requests and setting a hearing date.
On June 14,1993, the father petitioned the Alabama court for a rule nisi and sought a pendente lite order requiring that the child be immediately returned to him. He argued that the Alabama court retained primary jurisdiction; that the mother had attempted to circumvent the jurisdiction of the court; and that she should be found in contempt for her failure to return the child to him. Additionally, he asked that he be awarded an attorney fee. On that date, the Alabama court ordered the mother to immediately return custody of the child.to the father and to appear at a hearing set that month to show why she should not be held in contempt.
The record contains an affidavit of the trial judge, signed on June 14, 1993, wherein he gave a summary of the proceedings and further stated that when the issue of custody was before him on September 3, 1992, “[I]t remained my judgment that the father ... was the proper person to have the care, custody and control of the minor [child].” He testified that matters of compliance were still pending before him and that primary jurisdiction remained with the Alabama court.
The father subsequently filed an amended petition in the Alabama court for a rule nisi and for modification of the divorce judgment, claiming that the mother had failed to pay an arrearage as previously ordered and that she had failed to deliver to him the “clothing, toys, and personal belongings” of the child that were delivered to the mother when visitation began. He requested that the child support award be increased, and that the mother’s visitation rights be terminated “as injurious to the welfare of the minor child of the parties.”
The mother answered and counterclaimed, seeking custody. She stated that the father had refused to respond to her requests for visitation; that he on many occasions had denied her the opportunity to have telephone conversations with the child; that the father had refused to give her his address and telephone number; and that, as a result of his actions, she had incurred medical and legal bills. The mother alleged that the child was being emotionally abused by the father and his present wife and that the child suf *121 fered “enormous stress” because of the father’s hostility toward the mother.
The mother moved to have the trial judge recuse himself, claiming that he had “participated as a witness for the adverse party” in the Texas proceeding; she claimed that his doing so demonstrated a bias against her.
After a hearing, the trial court entered an order on July 27,1993, finding the mother in contempt for her failure to pay child support and medical expenses in the amount of $2,398.58; she was ordered to pay that amount in $100 per month installments “with her regular monthly child support.” Additionally, the mother was found in contempt for her failure to return the child to the father after the scheduled summer visitation, “causing [the father] to incur substantial damages.” The court assessed reimbursable damages at $9,500, which included an attorney fee, and entered a judgment in that amount for the father and against the mother. Further, the court (1) denied the father’s request for increased child support, noting that the mother “incurs substantial transportation expenses in order to exercise her visitation with the minor child”; (2) denied the mother’s petition for change of custody, finding that “such change would not be in the best interests of the minor child nor would the disruption in such modification be outweighed by any benefit obtained”; (3) ordered the father to allow the mother to speak with the child by telephone twice weekly and to “install a private line for the minor child to her room for [the mother] to use for such calls”; and (4) conditioned visitation upon the mother’s filing a $10,000 bond to offset expenses of the father, should she fail to properly return the child after visitation. The mother appeals.
At the outset, we note that a parent seeking a change of custody must show that he or she is fit and that the change would materially promote the child’s best interests and welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984). There must be evidence that the “inherently disruptive effect caused by uprooting the child” will be overcome. Id. at 866; Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App.1976). Further, when the evidence has been presented ore tenus, the trial court’s judgment that is based on findings made from that evidence is presumed to be correct and it will not be disturbed unless it is so unsupported by the evidence as to be an abuse of discretion. Taft v. Taft, 553 So.2d 1157 (Ala.Civ.App.1989).
The mother first contends that the trial judge erred in denying her motion for a recusal, because, she says, he voluntarily testified by sworn affidavit in the Texas proceeding. She claims that his giving the affidavit was a violation of the Alabama Canons of Judicial Ethics and, therefore, that his disqualification was required because he was a material witness in a proceeding. We find no merit to this argument.
The trial judge stated in his affidavit that he had reviewed the documents filed in the Texas court; that he did not agree that the Texas court had jurisdiction; that the action relating to the custody of the child remained pending in the Circuit Court of Houston County, Alabama; and that “this court has not yielded its primary jurisdiction in this matter.”
The Uniform Child Custody Jurisdiction Act, Ala.Code 1975, § 30-3-27(d), provides:
“(d) Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.”
Additionally, “If the court is informed that a proceeding was commenced in another state after it assumed jurisdiction it shall likewise inform the other court, to the end that the issues may be litigated in the more appropriate forum.” § 30-3-26(e).
We conclude that the trial judge acted in accordance with the Act.
The mother next contends that the trial court abused its discretion in failing to transfer custody to her.
The mother presented the deposition and a report of a specialist in child psychiatry, who recommended a change of custody to the *122 mother. That recommendation was based on information obtained from the mother and from one 35-to-40-minute meeting with the child.
The record contains a letter from Becky Stout, the director of a day care program that the child attended in North Carolina, stating that the father and his wife had been “extremely involved” since the child’s enrollment the previous year; that they had attended many important class events; and “Not only are they involved parents on the social level here, but also on the developmental level as well.” Concerning the child, she stated, “On a personal and professional level I can attest that [she] is a bright, happy well-adjusted child. She is emotionally stable and very well behaved. She, like any five-year-old, enjoys playing, learning, group and individual activities. She interacts very well with the other children.”
After thoroughly reviewing the psychiatrist’s report and her deposition, as well as the other evidence presented, we conclude that the judgment of the trial court is supported by the evidence. The father’s request for an attorney fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.